No. 83-229

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

TIMOTHY DESS,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls,
Montana

_____

Submitted on Briefs: September 29, 1983

Decided: January 5, 1984

Filed:   JAN 5 - 1984

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant was convicted of forgery in the Eighth Judicial District, Cascade County. He claims ineffective assistance of counsel. We affirm the conviction.

The issue is whether defense counsel performed within the range of competence demanded of attorneys in criminal cases. In this case Judge Roth was called in after the appellant disqualified the Hon. John M. McCarvel. Judge Roth accepted jurisdiction and tried the case. As a result of his conviction, appellant was sentenced to fifteen years in the Montana State Prison.

The facts are undisputed. On August 4, 1982, J.C. Stout and his wife, Jessie Cleon, leased and began to operate the Town Pump gasoline station located at 401 10th Ave. South in Great Falls, Montana. The two operated the station by themselves from 7 a.m. to 10 p.m., seven days a week. Appellant had traded at their Town Pump and was acquainted with the Stouts. They testified that appellant visited the Town Pump every day, every other day or sometimes several times a day and purchased cigarettes, beer and gas at their station. During this time appellant, Dess, requested and received a small amount of credit from the Stouts. He would charge items and then pay off his credit charge before he was again allowed to charge.

On August 25, 1982, Dess drove into the Town Pump shortly before closing. He was accompanied by two people who remained in or near the station wagon he was driving. Dess showed J.C. Stout a state warrant made out to an Alice Wyborny, and told him that he wanted to pay his bill if the

Stouts would cash the check. He also wanted to buy beer, gas and cigarettes.

The warrant had already been signed, and appellant indicated that it was a good check, but if it was necessary he would bring the lady who owned it in from the car to produce identification. Stout told him that was not necessary, but requested appellant to write his telephone number on the back of the check. Appellant wrote down a phone number that was later determined to be assigned to one Ralph P. Parsons. Stout then cashed the warrant and gave appellant $239 for the check. Appellant used part of the check proceeds to pay his bill and some to pay for his purchases. He then left with his passengers, and oddly enough never returned to the scene. Late in August, Alice Wyborny returned from a trip and discovered that a state warrant had been issued to her in her absence. Since she had not received the warrant she called the issuing department to suggest they put a stop payment order on it, and discovered it had already been cashed. The check was eventually returned to Town Pump by the bank marked "forged endorsement."

In claiming the ineffective assistance of trial counsel, appellant argues that counsel should have moved to disqualify the trial judge for cause, moved for positive identification of Alice Wyborny, moved to analyze defendant's handwriting and last that she should have withdrawn as counsel of record. The basis for appellant's argument is contained in three exhibits, an affidavit and two letters, which are attached to his brief on appeal.

On direct appeal this Court may consider only those

matters ascertainable from the record. Section 46-20-701, MCA. When a claim of ineffective assistance of counsel is made, this Court has concluded that the attack must be based upon facts in the record or easily deducible from the record, and that there must be something more than conclusive allegations. State v. Lewis (1978), 177 Mont. 474, 485, 582 P.2d 346, 352-353. We therefore conclude that the exhibits attached to the appellant's brief can not be considered on this direct appeal.

The standard to be applied in considering the question of ineffective assistance of counsel has been determined by this Court to be that "effective assistance of counsel means assistance within the range of competence demanded of attorneys in criminal cases." See State v. Rose (Mont. 1980), 608 P.2d 1074, 1081, 37 St.Rep. 642, 649-50. This Court has also concluded that the burden of demonstrating such prejudice is upon the defendant. See State v. LaValley (Mont. 1983), 661 P.2d 869, 872, 40 St.Rep. 527, 530.

While appellant bases his argument largely upon the inadmissible exhibits which cannot be considered, we have nonetheless reviewed the record for indications of ineffective assistance of counsel. We find that the record fails to demonstrate any such ineffective assistance of counsel. The record in fact suggests to the contrary that an adequate and resourceful representation was made by counsel.

In the total absence of evidence supporting his contentions, we conclude that the defense counsel performed well within the range of competence demanded of attorneys in criminal cases.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-