No. 87-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

ANDREW C. LONG

       Defendant and Appellant,

_____

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Mussellshell
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sol and Wolfe, Michael Sol
        Missoula, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General,
        Barbara Claassen, Assistant Attorney General,
        Helena, Montana,
        Peter W. LaPanne, Musselshell County Attorney,
        Roundup, Montana.

_____

Submitted on Briefs: April 16, 1987

Decided: June 11, 1987

Filed: **JUN 11 1987**

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Andrew Carl Long appeals the order of the Fourteenth Judicial District Court, Musselshell County, denying his petition for post-conviction relief. We affirm.

The basic issue before us is whether the defendant's plea of guilty was properly accepted.

Defendant was charged by information with felony theft of a 1971 Sabrecraft 21' boat and boat trailer, registered in the name of Mr. and Mrs. Robert N. Watts, residents of the State of Washington.

The following facts are taken from defendant's testimony before the District Court after his plea of guilty to the charge of felony theft. For simplicity the facts will be set forth in the order in which they occurred. Defendant was at least an acquaintance of Mr. and Mrs. Watts during the time that he worked in Seattle as a roofer. Defendant loaned some money to Mr. Watts which apparently was used as a part of the purchase price of the boat. The boat was damaged in an accident when the trailer came unhitched from the truck. This occurred in the State of Washington. Defendant offered to have the boat repaired if Mr. Watts would allow him to use it for a few months. The repairs were to be made in the State of Washington. Mr. Watts helped the defendant load the boat and trailer and gave him the registration. A few days later defendant's employment opportunities in the State of Washington ended and he returned to Roundup, Montana, with both the boat and trailer. Defendant anticipated that friends in Montana would help him fix the boat. A few days after arriving in Montana defendant phoned Mr. Watts and told him where the boat was. Defendant told Mr. Watts that after the boat was repaired he (the defendant) would use the boat for the rest of the summer and return it to Watts in the

2

State of Washington some time in the fall. Mr. Watts was upset because the boat had been financed in the State of Washington under an agreement which did not allow the boat to be removed from the State of Washington.

The theft charges were filed a few days later. At his arraignment, the defendant pled not guilty. Thereafter he changed attorneys and his plea. After the entry of his guilty plea, defendant stated that while he claimed part ownership of the boat, he acknowledged that he had exercised unauthorized control over the boat and trailer and had deprived Mr. Watts of the boat; but he also stated that he had every intent of repairing and returning the boat to Mr. Watts in the fall of the year. Even though defendant claimed to have a half ownership of the boat, he recognized that the title did not reflect that half ownership and he admitted that Mr. Watts had not given him authority to remove the boat from the State of Washington. He stated:

> And my intentions were to take it back at the end of September, the first of October. And I understand at this period of time that I was depriving him of his half ownership of the boat. And that's what I'm pleading guilty to, Your Honor. I mean it was not for me to steal the boat from him and he was never going to see it again. It was not on those pretentions.

November 2, 1983, hearing transcript, p. 6, ln. 18 - 25.

Defendant's guilty plea was accepted. He was sentenced to five years in the Montana State Prison, suspended; and fined $5,000. A December 22, 1983, attempt to withdraw the guilty plea on the basis of inadequate representation by counsel was denied. Probation was subsequently revoked due to alcohol and firearms violations. Upon leaving Montana State Prison after 18 months incarceration, defendant pursued this petition for post-conviction relief. He contends that insufficient facts were presented to the District Court in

3

support of the guilty plea and that the plea was not voluntary.

Three factors should be considered when determining whether a defendant's guilty plea should be withdrawn:

1. The adequacy of the District Court's interrogation as to the defendant's understanding of the plea;

2. The promptness of the motion to withdraw the prior plea; and

3. The fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

State v. Koepplin (Mont. 1984), 689 P.2d 921, 923, 41 St.Rep. 1942, 1944, citing State v. Huttinger (1979), 182 Mont. 50, 595 P.2d 363.

In its order denying the petition for post conviction relief, the District Court did not address the promptness of the motion to withdraw the plea. In addition, the record discloses that the defendant's plea was not given in exchange for dismissal of another charge so the third factor is not pertinent. We focus our analysis on the first factor, the adequacy of the District Court's interrogation as to the defendant's understanding of the plea.

Absent an abuse of discretion, a trial judge's decision not to allow the withdrawal of a guilty plea will be affirmed. Koepplin, supra, citing In the Matter of Brown (1980), 185 Mont. 200, 605 P.2d 185. Nevertheless, certain factors must be considered by the trial judge when determining whether the interrogation of defendant at the time of plea was adequate.

> Where a District Court has done all that it can to determine from the defendant or otherwise, that the

4

> proposed plea of guilty is voluntarily made, the defendant understands what he is doing and is advised of the consequences of his plea, including the nature and extent of his punishment, has been adequately advised by counsel, and has been treated fairly at all stages of the prosecution against him, and that in fact the defendant states he is guilty of the charges made, then this Court has a duty to support the District Court when it allows a plea of guilty to be entered in place of a plea of not guilty.

State v. Lewis (1978), 177 Mont. 474, 484, 582 P.2d 346, 352.

Defendant was charged by information with violating § 45-6-301(1)(a), MCA.

> Theft. (1) A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> (a) has the purpose of depriving the owner of the property;

Section 45-2-101(19), MCA, defines deprive.

> (19) "Deprive" means to withhold property of another:
> (a) permanently;
> (b) for such a period as to appropriate a portion of its value;
> (c) with the purpose to restore it only upon payment of reward or other compensation; or
> (d) to dispose of the property and use or deal with the property so as to make it unlikely that the owner will recover it.

The thrust of defendant's position is that § 45-2-101(19), MCA, defining the term deprive, was not mentioned in the information or the warrant, by his attorney, or at the hearing where he pleaded guilty. Therefore, defendant contends that he did not properly understand the charge against him. Pursuant to State v. Huttinger (1979), 182 Mont. 50, 595 P.2d 363, he contends the guilty plea was involuntary and should be withdrawn.

5

It is undisputed that neither the information nor the warrant mentioned § 45-2-101(19), MCA; and that the section was not discussed at the hearing. No evidence has been presented that defendant's counsel at the time of the entry of the guilty plea did or did not discuss this section with defendant. To avoid this problem in the future, the District Courts are requested to ascertain that a defendant understands the statutory definition of the term "deprive".

Regardless whether defendant understood the actual meaning of the term "deprive", the District Judge determined at the close of the November 7, 1986, hearing on defendant's petition to withdraw his plea of guilty, that defendant had admitted sufficient facts to support his plea of guilty.

> First of all, the Defendant . . . got on the stand today and admitted facts sufficient to bring him within the theft statute and to support his plea of guilty. The fact that he took this boat and Mr. Watts helped him load it and so forth, he admitted himself that he did not tell Mr. Watts that he was taking it out of the State; that at the time it was being loaded, Mr. Watts apparently felt or figured it would be repaired within that State within sixty miles of where the boat was picked up. And that the Defendant Mr. Long knew that was what Mr. Watts was thinking, and he didn't tell Mr. Watts anything different although he knew, or the inference is at least there that Mr. Watts would not have wanted the boat taken out of the Statute [sic], and that Mr. Watts was under the impression that it was going to stay in the State of Washington at the time Mr. Long picked up the boat.
>
> . . . it is apparent to the Court that Mr. Long knew or should have known that Mr. Watts did not want the boat removed from the State of Washington and that Mr. Watts -- the inference is that Mr. Watts would not have allowed him to take the boat if he figured it was going to be taken from the State.

November 7, 1986, transcript, p. 46, ln. 12 - 27 and p. 47, ln. 1 -3 and 7 - 13.

Defendant's testimony presents a close question as to whether he deprived Watts of the boat. However, defendant did state at the initial hearing that he deprived Mr. Watts of the boat when he moved to Montana. November 2, 1983, transcript, p. 6, ln. 15 - 23. And, at the November 7, 1986, hearing, defendant testified as follows:

Q. (By Mr. Pratt) Mr. Long, I believe you stated that you did not have authority to bring that boat to Montana; is that correct?

A. He did not know I was bringing it to Montana, no. He knew I was taking it to get it fixed and use it.

Q. You picked it up in Bellview, Washington, or somewhere in that area?

A. I picked it up in Federal Way, Washington, at his residence, and he loaded it for me.

Q. And what was his understanding when you left with the boat?

A. That I would be taking it to a repair shop in the vicinity of Bellview, Washington, to get it repaired it [sic], and use it.

Q. You never did tell him that you were removing it from the State of Washington; is that correct?

A. No, I didn't.

Q. And, of course, once that boat got to Montana, he had no ability to have access to it; is that correct? He didn't have access to it while you had the boat in Montana; right?

A. There was too many miles difference. He knew where the boat was at. He had been to my property prior.

November 7, 1986, transcript, p. 21, ln. 7 - 27, p. 22, ln. 1.

7

We conclude there is substantial credible evidence to support the factual determination of the District Court and in particular its conclusion that the defendant had admitted sufficient facts to support his plea of guilty. The record further supports the legal conclusion that defendant had deprived the record owners of the property within the definition of § 45-2-101(19), MCA. In particular, the record is sufficient to establish that defendant deprived the record owners of the property for such a period of time as to appropriate a portion of its value. The record shows that Robert Watts had borrowed money using the boat as security and given the boat as a security interest. Under the loan instruments, the property was not to be taken out of the State of Washington. By removing the boat to Montana, defendant did withhold the property for a sufficient period to appropriate a portion of its value so far as the record owners are concerned. We affirm the conclusion of the District Court that defendant had admitted sufficient facts to support his plea of guilty.

Defendant also argues that the District Court misstated the value of the property needed to support a felony theft conviction. It is true that § 45-6-301, MCA, was amended in 1983 to change the value of stolen property from $150 to $300. We do not find it necessary to address this contention at length. The uncontradicted evidence in the record established that the boat and trailer were worth at least $4000.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

8

John Conway Harrison

John E. Sheehy

L. C. Gulbrandson

William E. Hunt

P. C. McDonough

Justices