No. 92-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

v.

TROY COGGINS,

       Defendant and Appellant.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           William F. Hooks, Appellate Defender, Helena,
           Montana

       For Respondent:

           Hon. Joseph P. Mazurek, Attorney General; Cregg W.
           Coughlin, Assistant Attorney General, Helena,
           Montana

           Christopher G. Miller, Powell County Attorney,
           Deer Lodge, Montana

Submitted on Briefs: February 12, 1993

Decided: March 30, 1993

FILED

MAR 3 0 1993

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Troy Coggins pleaded guilty to a charge of theft filed in the District Court for the Third Judicial District, Powell County. He appeals from the District Court's denial of his motion to withdraw his plea. We affirm.

The issue is whether the court abused its discretion in refusing to permit Coggins to withdraw his plea.

Coggins was charged by information with felony theft. The affidavit for leave to file the information alleged:

> On June 28, 1991 Ken Fenner reported to the Deer Lodge Police Department that several tools, including a Makita Cordless Drill, had been stolen from his truck while it was parked on Main Street in Deer Lodge, Montana. On July 7, 1991 Bill Crichton reported that a Milwaukee Saw All and other tools had been stolen from an apartment at 702 Missouri, Deer Lodge, Montana between July 3 and July 7, 1991. On July 10, 1991 Deer Lodge Police Department Officer Mike Grey was informed that Ted Johnson had recently purchased a Makita Drill from Troy Coggins.

> Grey contacted Johnson, who brought the drill in for inspection. The drill was identified by Ken Fenner as the one stolen from his truck. Johnson stated that he had bought the drill from Troy Coggins on July 3, 1991. Johnson also told Grey that Coggins had offered to sell him a Milwaukee Saw All.

> Further investigation by Officer Grey revealed that Troy Coggins had pawned a Milwaukee Saw All to Darrell Bowman on July 6, 1991, and that Coggins had redeemed the tool on July 7, 1991. The Saw All has not been recovered. The value of the tools is in excess of $300.

At his initial appearance, Coggins entered a plea of not guilty. On the morning of trial, however, he filed with the court a written acknowledgement of waiver of rights by a plea of guilty,

2

and his attorney advised the court that Coggins wished to change his plea to "guilty." The following exchange occurred:

> THE COURT: It indicates in the agreement that you have doubts about your guilt but you are prepared to and do enter a plea of guilty, that you do that based on all the facts that have been told to you in this case and presented to you by your Counsel. Is that correct?
>
> COGGINS: Yes, sir.

After Coggins formally pleaded guilty, the court granted his request for written approval to leave the state and visit his mother, who was seriously ill in Oregon.

At his sentencing hearing five months later, Coggins moved for permission to withdraw his plea. He maintained that he was innocent of the theft of the Milwaukee Saw All and that the value of the drill was not sufficient to support a felony charge. He also maintained that, because of his mother's illness, he was under emotional stress at the time he entered his plea. The motion was briefed and argument was heard. The District Court denied Coggins' motion, finding that it was untimely and that Coggins was not under sufficient stress at the time he entered his plea to prevent him from understanding what was going on.

Did the District Court abuse its discretion in refusing to permit Coggins to withdraw his plea?

Section 46-16-105(2), MCA, provides:

> At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

3

The determination of good cause to withdraw a guilty plea is based upon three factors: the adequacy of the court's interrogation as to the defendant's understanding of the plea; the promptness of the defendant's motion to withdraw the plea; and the fact that the defendant's plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. State v. Long (1987), 227 Mont. 199, 201, 738 P.2d 487, 489. Absent an abuse of discretion, this Court will affirm a district court's refusal to permit the withdrawal of a guilty plea. Long, 738 P.2d at 489.

Coggins contends on appeal that the State made no offer of proof whatsoever with regard to the Milwaukee Saw All. He also contends that the court's interrogation of him was inadequate because he did not declare in open court the facts upon which his guilt is based. Coggins argues that in a case such as this, in which the defendant has entered an Alford plea (not acknowledging guilt but acknowledging only that the evidence is such that he will likely be found guilty, as in North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162), a heightened scrutiny of the factual basis of the plea is required.

In moving the District Court to allow him to withdraw his plea, Coggins challenged neither the sufficiency of the evidence nor the adequacy of the court's interrogation of him at the time he entered his plea. He first raised these claims in this appeal. We

4

will not reverse the District Court based upon these claims which could have been but were not brought before that court.

As the District Court noted, Coggins' bench trial was expected to last only two or three hours and the court had agreed to allow him to go to Oregon to be with his mother regardless of the outcome of the trial. To a large degree, these facts negate Coggins' claim that the stress of wanting to be with his mother during her illness induced him to enter his guilty plea. As the District Court stated, "the record merely reflects [Coggins'] dissatisfaction with his decision to enter an Alford Plea."

Coggins argues that a motion to withdraw a plea is timely if it is made prior to sentencing, and that, under the circumstances here presented, his motion to withdraw the plea was made within a reasonable time. However, in light of his statement that he knew from "[t]he minute [he] made the plea" that it was a mistake, Coggins has not shown any reason why he did not file his motion sooner. As the District Court noted, Coggins spent some time in Oregon and one month in alcohol treatment between the entry of his plea and his sentencing, but there is no indication that he was unable to contact his attorney during those periods. He also participated in preparation of the presentence report during the five months before he moved to withdraw his plea.

The third factor in determining whether good cause exists to allow withdrawal of a guilty plea reflects the courts' aversion to lending assistance to an accused criminal in escaping the obliga-

5

tions of his plea agreement after accepting the benefits thereof. State v. Huttinger (1979), 182 Mont. 50, 62, 595 P.2d 363, 370. The benefit granted to Coggins in this case was the sentencing recommendation of the prosecution. Because Coggins made his motion to withdraw his plea prior to being sentenced, this factor weighs neither for nor against granting the motion to withdraw the plea.

We hold that the District Court did not abuse its discretion in denying Coggins' motion to withdraw his plea. We therefore affirm the judgment of the District Court.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
_____
Justices

6

March 30, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

WILLIAM F. HOOKS
Appellate Defender
208 North Montana
Capitol Station
Helena, MT 59620

HON. Joseph P. Mazurek, Attorney General
Cregg W. Coughlin, Assistant
Justice Bldg.
Helena, MT 59620

CHRISTOPHER G. MILLER
Powell County Attorney
409 Missouri Ave.
Deer Lodge, MT 59722

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy