No.  92-620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

GARY LEVIN JOSEPH DUFF,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Michael Klinkhammer, Attorney at Law,
                Seeley Lake, Montana

        For Respondent:

                Hon. Joseph P. Mazurek, Attorney General,
                Micheal S. Wellenstein, Assistant Attorney General,
                Helena, Montana; Robert L. Deschamps, III, Missoula
                County Attorney, Fred Van Valkenburg Deputy County
                Attorney, Missoula, Montana

Submitted on Briefs:   September 16, 1993

              Decided:   December 7, 1993

FILED

Filed: DEC 07 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Gary Levin Joseph Duff filed a petition for post-conviction relief in the District Court for the Fourth Judicial District, in Missoula County, in which he asked that his guilty pleas to one count of aggravated assault and two counts of felony assault be set aside. The District Court denied his petition and Duff appeals from that denial. We affirm the District Court.

The issue on appeal is whether the District Court correctly denied defendant's request to withdraw his guilty pleas based upon a claim of ineffective assistance of counsel, and a claim that the evidence was insufficient to support the charges against him.

When reviewing an order denying post-conviction relief, this Court's inquiry is whether substantial evidence supports the findings and conclusions of the district court. *State v. Coates* (1990), 241 Mont. 331, 336, 786 P.2d 1182, 1185.

On May 29, 1991, Duff entered separate pleas of not guilty to one count of aggravated assault pursuant to § 45-5-202(1), MCA, and two counts of assault pursuant to § 45-5-202(2)(b), MCA. However, on September 18, 1991, Duff changed his plea to guilty of all three charges and received a 40-year prison sentence and designation as a dangerous offender. He filed his petition for post-conviction relief on October 21, 1992.

Duff contends that the evidence against him was inadequate to prove guilt beyond a reasonable doubt. It is an established rule however, that having pled guilty, he is precluded from attacking

2

the sufficiency of the evidence against him. *See United States v. Broce* (1989), 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927; *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788.

Duff also attacks the validity of his guilty plea on the basis of ineffective assistance of counsel.

Recently, in *State v. Senn* (1990), 244 Mont. 56, 795 P.2d 973, this Court reiterated the standard for determining whether an attorney has provided effective legal assistance to a criminal defendant, as required by *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674:

> Under the two-pronged test set forth in *Strickland*, the defendant must first demonstrate that counsel's performance was deficient. To demonstrate that a counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must demonstrate that the counsel's deficiency was so prejudicial that defendant was denied a fair trial. . . . When a guilty plea is at issue rather than the result of a trial, the defendant must demonstrate that but for counsel's deficient performance, the defendant would not have pled guilty, and would have insisted on going to trial. [Citations omitted].

*Senn*, 795 P.2d at 975. Duff argues that his attorney was ineffective by failing to negotiate a plea bargain, by encouraging Duff to plead guilty, by telling Duff he had no hope of an acquittal, and that he would receive at most, a sentence for five to seven years without designation as a dangerous offender.

However, "[w]hen a claim of ineffective assistance of counsel is made, this Court has concluded that the attack must be based

3

upon facts in the record or easily deducible from the record, and that there must be more than conclusory allegations." *State v. Dess* (1984), 207 Mont. 396, 398, 674 P.2d 501, 502. In this case, we agree with the State that no evidence was offered by Duff to support his conclusory allegations which were set forth previously.

Duff also argues that, as a result of his counsel's inadequacy, his guilty plea was neither voluntary nor knowing, and therefore, the District Court had no authority to accept the plea. Section 46-16-105, MCA, provides that a plea of guilty may be accepted in open court after the judge has informed the defendant of the consequences of his plea and of the maximum applicable penalty.

In *State v. Martz* (1988), 233 Mont. 136, 143, 760 P.2d 65, 68-69, this Court held that a guilty plea was voluntary and intelligent where a district court addressed the following issues: the defendant's constitutional rights; the consequences of a guilty plea; and the possible maximum penalty involved; and that the court could not involve itself in the plea agreement and was not obligated to accept the recommended sentence. While in this case there was no plea agreement, we find that the colloquy between the District Court judge and Duff met the necessary constitutional requirements. The following is an excerpt of Duff's change of plea hearing:

BY THE COURT:

Q. Mr. Duff, I have your Plea of Guilty and Waiver of Rights form. Do you understand that by withdrawing your

4

plea of not guilty and pleading guilty, you're giving up virtually all of your rights except the right to be represented by an attorney?

A.    (BY MR. DUFF)  Yeah.

Q.    Are you satisfied with the services of your attorney?

A.    Yes.

Q.    Has he done everything you have requested of him?

A.    Yes.

Q.    Are you attempting to plead guilty because of a plea bargain agreement?

A.    No.

.  .  .  .

Q.    Have any threats or promises been made to you?

A.    No.

Q.    Are you under the influence of alcohol, any medication, or drug which affects your reasoning power here today?

A     No.

Q.    You have been charged with one count of aggravated assault and two counts of assault, both felonies.  You wish to withdraw your pleas on all of those counts?

A.    Yes.

The District Court referred to the waiver form at the outset of its interrogation.  This Court has upheld a guilty plea under similar circumstances.  "[A] written acknowledgment combined with oral questioning of the defendant constitute[s] adequate interrogation . . . ."  *State v. Walker* (1986), 220 Mont. 70, 73, 712 P.2d 1348, 1350.

Despite his indication at the change of plea hearing that his plea was not influenced by "threats" or "promises," Duff argues on appeal that he was coerced into pleading guilty in exchange for a smaller bond and a short period of time on house arrest. It is true that,

> a plea may be withdrawn if [a] defendant is persuaded or coerced into pleading guilty by his attorney, or if the plea is entered involuntarily or by one not competent to know the consequences of his action or by one who is induced to plead guilty by "fear, persuasion, promise or ignorance." [Citations omitted].

*State v. Hilton* (1979), 183 Mont. 13, 17, 597 P.2d 1171, 1173. However, the record shows that Duff signed a "Plea of Guilty and Waiver of Rights" in which he acknowledged his constitutional rights, the consequences of his guilty plea, a possible maximum penalty, the fact that his plea was entered voluntarily, his satisfactory relationship with his attorney, and his own mental and emotional clarity.

Our review of the record indicates that there is no evidence to establish that Duff's attorney's performance was deficient. We further conclude that the District Court adequately interrogated Duff before accepting his guilty plea, that there was substantial evidence that Duff fully understood the circumstances and consequences of changing his plea to guilty, and that no evidence was offered to substantiate Duff's allegation that his plea was coerced.

The last of Duff's arguments is that his attorney failed to explain the consequences of lesser included offenses. This issue

6

was not raised in Duff's arguments to the District Court in support of his petition for post-conviction relief. It is a well-established principle that this Court will not review an issue raised for the first time on appeal. *See State v. McColley* (1990), 247 Mont. 524, 528, 807 P.2d 1358, 1361.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

December 7, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Michael Klinkhammer
Attorney at Law
P.O. Box 976
Ste. 1, 3096 Hwy 83 So.
Seeley Lake, MT 59868


Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620


Robert L. Deschamps, III, County Attorney
Fred Van Valkenburg, Deputy
Missoula County Courthouse
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy