No. 93-597

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

JOSEPH WILLIAM MILINOVICH,

     Defendant and Appellant.

**FILED**

DEC 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Andrew P. Suenram; Jones, Hoffman & Suenram,
Dillon, Montana

          J. Cort Harrington, Jr., Attorney at Law,
Helena, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Elizabeth L. Griffing, John P. Connor, Jr.,
Ass't Attorneys General, Helena, Montana

Submitted on Briefs: September 1, 1994

Decided: December 20, 1994

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Joseph William Milinovich (Milinovich) appeals the Order of the Third Judicial District, Powell County, denying his motion to withdraw his guilty plea to charges stemming from the 1991 riot at the Montana State Prison. We affirm.

Milinovich was charged with one count of burglary and five counts of deliberate homicide. The charges were based on Milinovich's alleged participation in the September 22, 1991 riot at the Montana State Prison. Milinovich plead not guilty to the charges and his trial commenced on September 21, 1992. During the trial he entered pleas of guilty to the burglary charge and one reduced charge of mitigated deliberate homicide. Pursuant to the plea agreement, the State dismissed the remaining homicide counts and made no sentencing recommendation. The State maintained the right to argue for persistent felony offender designation. Further, the State agreed not to resist Milinovich's attempts to be transferred to another state's prison.

During the trial, after the prosecution called twenty witnesses and the defense called one witness, but prior to Milinovich's guilty pleas, he requested a conference with the court. During this conference with the judge, the prosecution, and appointed defense counsel, Milinovich said that he did not agree with his counsel's defense strategy, stated he did not know what to do, and asked the judge for advice. The judge stated that Milinovich was being represented by "two first-rate lawyers" who had done as good a job as possible. Several times during this

2

conference, Milinovich expressed concern that the judge was not being impartial and was acting against him. In response, the judge asserted his neutrality and, to support his evenhandedness, described his record of fairness.

On April 5, 1993, Milinovich was sentenced to ten years in prison for the burglary plea and twenty years for the mitigated deliberate homicide plea, the sentences to run concurrent with each other and consecutive to the sentence Milinovich was already serving. Milinovich was also sentenced to an additional twenty years in prison as a persistent felony offender, and the District Court designated Milinovich a dangerous offender for purposes of parole eligibility.

On June 2, 1993, Milinovich filed a motion to withdraw his guilty pleas. The District Court denied the motion. This appeal followed.

Four issues are presented.

1. Did the District Court Judge's comments regarding the plea agreement's fairness unfairly induce Milinovich into entering a plea agreement?

2. Was the District Court's participation in the plea agreement process improper?

3. Did the District Court err by failing to support its order denying Milinovich's motion to withdraw his guilty pleas with specific findings?

4. Was Milinovich's motion to withdraw his guilty pleas timely?

3

The standard of review we apply in cases involving a district court's refusal to allow a defendant to withdraw a guilty plea is whether the district court abused its discretion. State v. Ries (1993), 257 Mont. 324, 325, 849 P.2d 184, 185.

I

Did the District Court Judge's comments regarding the plea agreement's fairness unfairly induce Milinovich into entering a plea agreement?

Milinovich argues that his conversation with the court created an inducement so strong that his plea was not voluntary. We disagree.

Milinovich argues that the District Court Judge's comments regarding the plea unfairly induced him into accepting the plea. This argument is contradicted by the record. In In re Fisher (Vt. 1991), 594 A.2d 889, the judge repeatedly explained the defendant's options, and gave him multiple opportunities to withdraw his plea. "Explaining the possible consequences of alternative courses of action does not, in and of itself, render a plea involuntary or the judge partial." In re Fisher, 594 A.2d at 894. Similarly, in the instant case, the judge's comments plainly expressed the law and Milinovich's chances of parole with and without accepting the plea agreement. The judge explained Milinovich's alternatives without bias or proposing a plea agreement for him.

Milinovich further contends that he had just heard three days of evidence against him and believed that he had to accept the plea agreement. The United States Supreme Court has long held that a

4

plea is not involuntary simply because it was entered to avoid a greater punishment. See Brady v. United States (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760. Milinovich stated that he was not changing his plea because he was guilty but rather because he believed "that the State has presented their [sic] case to the jury in such a way that [he] would be found guilty." That Milinovich believed he would be convicted does not render his plea agreement involuntary. The District Court Judge did not induce Milinovich to accept the plea but rather discussed some of Milinovich's options and reiterated its commitment to fairness and impartiality. We hold that the District Court did not induce Milinovich to accept the plea agreement.

II

Was the District Court's participation in the plea agreement process improper?

Milinovich argues that a judge should be prohibited from participating in the plea process. We disagree.

Milinovich argues that Montana's plea agreement statute, § 46-12-211, MCA, is modeled after Rule 11(e) of the Federal Rules of Criminal Procedure. He concludes that the District Court's participation in the plea agreement process was improper in spite of the fact that Montana's 1991 Legislature failed to adopt the federal prohibition of court participation in plea discussions. This argument is without merit.

A review of the Commission Comments to § 211 clearly indicates that the Montana Legislature did not intend to limit court

5

participation in plea agreement discussions to certain circumstances. The Commission Comments to the plea agreement statute, § 46-12-211, MCA, state in part:

> Subsection (1) identifies the parties involved in the plea agreement process. The Commission recognized that the 1987 statute precluded judicial participation in the plea negotiations, but the new statute neither prohibits nor authorizes judicial involvement. The Commission believed that circumstances sometimes warrant judicial participation in such discussions.

The Legislature did not identify limits of court participation in the plea agreement process. We must, therefore, consider on the record here, whether the court's participation in the plea agreement process was impermissible.

The transcript here, as noted above, fails to indicate that the District Court Judge took any active role in the discussions and negotiations relative to the plea; nor did he offer or in any way indicate what the terms of the agreement should be. In addition the District Court Judge did not make any promises to Milinovich, nor did he threaten him with any action if he decided not to enter a plea of guilty. The plea bargaining process was to be made by Milinovich and the prosecution. On this record, we conclude that the District Court Judge did not improperly participate in the plea bargaining process, nor did he wrongfully induce or coerce Milinovich to enter a plea of guilty.

III

Did the District Court err by failing to support its order denying Milinovich's motion to withdraw his guilty pleas with

6

specific findings?

Milinovich argues that because the District Court's order was not supported by specific written "details of its decision making process," the court abused its discretion. We disagree.

Milinovich correctly cites State v. Long for the proposition that "[a]bsent an abuse of discretion, a trial judge's decision not to allow the withdrawal of a guilty plea will be affirmed." State v. Long (1987), 227 Mont. 199, 202, 738 P.2d 487, 489. Milinovich incorrectly relies on State v. Azure to support his contention that failure of a district court to support its order with details of its decision making process is, in and of itself, a clear abuse of discretion. See State v. Azure (1977), 175 Mont. 189, 193, 573 P.2d 179, 182. In Azure, neither the record nor the district court made clear that the defendant had a clear understanding of the charge and plea. Azure, 573 P.2d at 183. In the instant case there is no contention that Milinovich did not understand the plea. More important, the record explicitly supports the court's order.

We consider three factors when determining whether a defendant's guilty plea should be withdrawn:

> [T]he adequacy of the court's interrogation as to the defendant's understanding of the plea; the promptness of the defendant's motion to withdraw the plea; and the fact that the defendant's plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.
> . . .
> Absent an abuse of discretion, this Court will affirm a district court's refusal to permit the withdrawal of a guilty plea.

State v. Coggins (1993), 257 Mont. 440, 442, 849 P.2d 1033, 1035; citing Long, 738 P.2d at 489. The District Court in the instant

7

case complied with the statutory requirements for accepting a guilty plea and thereby met the first part of the Coggins test. The District Court interrogated Milinovich about his understanding of the plea and its voluntariness in open court and fully informed Milinovich of the consequences of his plea and the maximum sentence that could be imposed based on that plea. See § 46-16-110, MCA. The court informed Milinovich of his right to counsel and ascertained that Milinovich was satisfied with his counsel in connection with the plea negotiations. The court informed Milinovich of his right to continue with the trial, confront witnesses, remain silent, cross-examine State witnesses, and present evidence on his own behalf. The court made sure Milinovich understood his plea agreement.

We next consider the promptness of Milinovich's motion to withdraw his plea. In Coggins, 849 P.2d 1033, we held a defendant's motion to withdraw his guilty plea filed five months after he entered his guilty plea was untimely. That defendant filed his motion prior to sentencing and had participated in the preparation of his presentence report after the plea was entered. Coggins, 849 P.2d at 1035. Here, Milinovich entered his guilty plea on September 24, 1992. On June 2, 1993, after sentencing, and more than eight months later, he moved to withdraw his guilty plea. During this eight-month delay, Milinovich participated in the preparation of the presentence report and did not mention his concerns about, or intention to move to withdraw, his plea. At the sentencing hearing Milinovich's counsel reserved the right to argue

a motion to withdraw his guilty plea, but did not otherwise advance the motion. Milinovich's counsel stated that the motion was not filed earlier because each of Milinovich's two attorneys thought the other had filed the motion. For purposes of determining whether the District Court abused its discretion in refusing to permit Milinovich to withdraw his plea, we hold that Milinovich's motion to withdraw his plea was neither timely nor untimely. This factor works neither for nor against Milinovich for this issue.

We now turn to the third factor, whether Milinovich's guilty plea was the result of a plea agreement in which the guilty plea was given in exchange for dismissal of another charge, and whether he had "good cause" for withdrawing his plea pursuant to § 46-16-105(2), MCA. The third factor is intended to prohibit a criminal from "escaping the obligations of his [or her] plea agreement after accepting the benefits thereof." Coggins, 849 P.2d at 1036; citing State v. Huttinger (1979), 182 Mont. 50, 62, 595 P.2d 363, 370. The benefit granted to Milinovich was accepting a significantly lesser charge and recommended sentence and dismissal of four homicide charges. Milinovich received twenty years under the plea agreement where he could have been sentenced to 600 years had he been found guilty of the original charges. Milinovich received a great benefit from the plea agreement. Moreover, Milinovich received exactly what he bargained for. See State v. Reynolds (1992), 253 Mont. 386, 392, 833 P.2d 153, 156. We have often held that this Court "will not lend its assistance to an accused criminal in escaping his or her obligations of a plea bargain after

9

accepting its benefits." Reynolds, 833 P.2d at 157. Furthermore:

> A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. Each case must be examined on its own record. The motion rests within the District Court's discretion and the exercise of that discretion will not be disturbed absent an abuse of discretion.

Benjamin v. McCormick (1990), 243 Mont. 252, 256, 792 P.2d 7, 10; citing State v. Mesler (1984), 210 Mont. 92, 96, 682 P.2d, 714, 716. In the case at bar, the record suggests no violation of any of the factors considered in Benjamin. The District Court did not abuse its discretion when it denied Milinovich's motion to withdraw his guilty plea.

It is appropriate for district courts to explain their reasoning when refusing motions to withdraw guilty pleas. However it was not an abuse of discretion for the court in this case not to fully explain its reasoning because the record clearly supports the refusal to grant Milinovich's motion to withdraw his guilty plea. Because we have concluded that Milinovich's pleas were voluntary, the pleas were properly accepted by the court, and the motion to withdraw the pleas was properly denied, we need not consider the timeliness question presented in issue four.

Affirmed.

John Conway Harrison
                    Justice

10

We concur:

_J. A. Turnage_
Chief Justice

_[signature]_

_William E. Hunt Sr_

_[signature]_
Justices