Justice James Jeremiah Shea delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Shawn Earl McDowell appeals from the Order of the First Judicial District, Broadwater County, denying McDowell's Petition for Postconviction Relief (PCR). We affirm.
¶ 3 On October 24, 2008, the State charged McDowell with attempted deliberate homicide and aggravated burglary. McDowell was indigent, and Kristina Neal of the Helena Office of Public Defender (OPD) was appointed to represent him. Initially, their relationship was amicable. However, Neal and McDowell both testified the relationship deteriorated when Neal would not file certain motions for McDowell, and McDowell felt Neal was not doing enough on his behalf. Due to the strained relationship with Neal, and against her advice, McDowell began filing his own pleadings with the District Court. Without resolution of McDowell's pro se filings, and on Neal's motion, the District Court vacated the scheduled trial date and set a change of plea hearing and status hearing for January 9, 2009. The parties had reached a plea agreement whereby the State would reduce the attempted homicide charge to assault with a weapon and make certain sentencing recommendations to the District Court. At the January 9, 2009 hearing, McDowell declined to change his plea as contemplated and stated that he no longer wanted OPD representation and intended to either hire private counsel or proceed pro se.[1] The District Court set another status hearing for January 30, 2009. The District Court requested that Neal appear at that hearing.
¶ 4 On January 30, 2009, McDowell appeared in chambers with Neal, Prosecutor John Flynn, and Judge Dorothy McCarter for a status hearing. It is unclear whether Neal acted in her capacity as counsel or to provide standby representation to McDowell. There is no mechanical recording of the meeting, and no court reporter was present. Both McDowell and Neal recall Judge McCarter advising McDowell he should accept the plea agreement because it was "a good deal," a "great offer," "the best deal" he could get, and that it would be "unwise" to reject the agreement. Neal did not object to Judge McCarter's comments, either at the time of the hearing or afterwards.
¶ 5 On April 24, 2009, the State filed an Amended Information and Waiver of Rights by Plea of Guilty. Pursuant to the Amended Information, McDowell was charged with assault with a weapon, in violation of § 45-5-213, MCA, and felony burglary, in violation of § 45-6-204, MCA. The same day, McDowell signed an acknowledgment and waiver, and pled nolo contendere to the State's charges. State v. McDowell , 2011 MT 75, ¶ 4, 360 Mont. 83, 253 P.3d 812. On May 28, 2009, McDowell obtained new OPD representation, Bryan Norcross. On June 12, 2009, the District Court held a sentencing hearing. Through Judge Jeffery Sherlock, the District Court imposed a twenty-year prison sentence, with five years suspended, on the count of assault with a weapon and a twenty-year sentence, with ten years suspended, on the count of burglary, to run concurrent to the assault conviction.
¶ 6 On June 10, 2010, McDowell moved to withdraw his plea, and the District Court denied his Motion. McDowell appealed, arguing (1) Prosecutor Flynn breached the plea agreement, and (2) the District Court erred for not crediting McDowell for time served. McDowell , ¶ 2. In 2011, this Court affirmed McDowell's convictions and remanded for the sole purpose of crediting McDowell's pre-conviction time served. McDowell , ¶¶ 25, 28. McDowell did not further appeal his judgment.
¶ 7 On May 1, 2012, McDowell filed a pro se PCR Petition. The State filed an objection. In McDowell's May 29, 2012 reply to the State's objection and in his October 27, 2014 amended PCR Petition, McDowell argued, in relevant part, that Judge McCarter impermissibility participated in the plea negotiations and this participation had a coercive effect on his decision to accept the State's plea offer. He also argued Neal was ineffective when she failed to object to Judge McCarter's improper participation during the plea negotiations.
¶ 8 On September 9, 2016, the District Court conducted an evidentiary hearing into the merits of McDowell's PCR Petition. The parties offered evidence and testimony and subsequently submitted proposed findings of fact and conclusions of law. McDowell testified that although he wanted to "go to trial," he nevertheless "felt forced to plead guilty and accept the bargain or [ ] proceed to trial and face certain conviction." McDowell testified that he "felt there was no other option" but to plead nolo contendere . McDowell stated, "I felt what Judge McCarter said to me and what [ ] Neal said was the right way to go." When asked by the District Court what would have happened had Neal objected to Judge McCarter's comments or advised him to ignore them, McDowell testified, "I more likely would have thought about what was going on. But at the time I felt like she wasn't doing her job or she wouldn't even object to anything."
¶ 9 Neal testified that throughout her representation of McDowell, McDowell was frustrated by the slow pace of his case and with the State's evidence against him, and that he went back and forth on whether he wanted to accept a plea offer from the State. Neal testified that Judge McCarter's comments during the status hearing struck her as odd and potentially coercive at the time, but that she did object or raise concerns. Neal testified that, in hindsight, she worried that raising a contemporaneous objection to the comments would have angered Judge McCarter. Neal testified that she never discussed Judge McCarter's comments with McDowell. Neal stated McDowell never explicitly commented on or indicated Judge McCarter's comments had any effect on his decision to accept the guilty plea. However, Neal admitted their relationship was strained and that McDowell might not have shared his concerns with her.
¶ 10 Norcross also testified. He could not recall any conversation with McDowell regarding Judge McCarter's comments. He testified that had McDowell raised such concerns, Norcross would certainly have included them in the Motion to Withdraw McDowell's Guilty Plea.
¶ 11 The District Court denied McDowell's PCR Petition. McDowell appeals.
¶ 12 We review a district court's denial of a PCR petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. Wilkes v. State , 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755 ; McGarvey v. State , 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576. Ineffective assistance of counsel claims are mixed questions of law and fact that we review de novo. Whitlow v. State , 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.
¶ 13 A PCR petition must identify all facts that support the claims for relief and must be based on more than a petitioner's own conclusory statements. Section 46-21-104(1), MCA ; Kelly v. State , 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120. The petitioner has the burden to show by a preponderance of the evidence that the facts justify relief. Griffin v. State , 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545 ; Ellenburg v. Chase , 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473 (citing § 46-21-104, MCA ).
¶ 14 Montana law does not prohibit judicial participation in plea negotiations. Section 46-12-211, MCA, comm'n cmts. (1991) ("circumstances sometimes warrant judicial participation in such discussions. ..."); State v. Milinovich , 269 Mont. 68, 72, 887 P.2d 214, 216 (1994). Whether judicial participation in the plea negotiation process is improper or coercive must be evaluated based on the individual case record. Milinovich , 269 Mont. at 72, 887 P.2d at 216 ; United States v. Davila , 569 U.S. 597, 609-11, 133 S. Ct. 2139, 2148-50 (2013) (determining the appellate court's automatic vacating of the defendant's guilty plea was improper and emphasizing that after the in camera meeting between the judge, defense counsel, and the defendant, three months passed before the defendant pled guilty, the defendant did not reference the in camera conversation when he elected to plead guilty, and the defendant entered his plea in front of another judge). Judicial participation may be improper or coercive when a judge takes an active role in the discussion and outlines the terms of the plea agreement, or when a judge makes threats or promises that induce a defendant to accept a plea agreement he would not otherwise have taken. See Milinovich , 269 Mont. at 72, 887 P.2d at 216 ; Davila , 569 U.S. at 603-04, 609-11, 133 S. Ct. at 2145, 2148-50. The remedy for improper judicial participation in plea negotiations is to allow the defendant to withdraw his guilty plea. See Milinovich , 269 Mont. at 72-73, 887 P.2d at 216-17.
¶ 15 A defendant is guaranteed access to counsel by the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution. State v. Davis , 2016 MT 102, ¶ 37, 383 Mont. 281, 371 P.3d 979. In assessing claims of ineffective assistance of counsel (IAC), we apply the two-pronged test set forth in Strickland v. Washington , 466 U.S. 668, 104 S. Ct. 2052 (1984). Whitlow , ¶ 10; State v. Colburn , 2018 MT 141, ¶ 21, 391 Mont. 449, 419 P.3d 1196. The first prong of the Strickland test requires the defendant to show that his counsel's performance was deficient. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. To demonstrate that counsel's performance was deficient, the defendant must prove that counsel's performance fell below an objective standard of reasonableness. Whitlow , ¶ 10; Bishop v. State , 254 Mont. 100, 103, 835 P.2d 732, 734 (1992). The second prong of the Strickland test requires the defendant to prove that his counsel's deficient performance prejudiced the defense. Whitlow , ¶ 10; Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. To show prejudice, the defendant alleging IAC must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Stock v. State , 2014 MT 46, ¶ 24, 374 Mont. 80, 318 P.3d 1053 (internal citations omitted). A defendant raising an IAC claim must satisfy both prongs of the Strickland test to prevail; failure on one prong is dispositive. Whitlow , ¶ 11. A defendant does not waive the right to challenge the entry of his plea based on claims of ineffective assistance of counsel. See State v. Watts , 2016 MT 331, ¶¶ 9-10, 386 Mont. 8, 385 P.3d. 960 ; State v. Duff , 262 Mont. 288, 292, 865 P.2d 238, 240 (1993).
¶ 16 In this case, the District Court made a factual determination that Judge McCarter's statements did not have a coercive effect on McDowell and that McDowell was not prejudiced by those comments. The District Court concluded that Judge McCarter's comments were not coercive as evidenced by: (1) the unclear status of whether McDowell was representing himself or not at the status hearing; (2) McDowell never identifying the comments as coercive through multiple fillings with multiple parties over several years until his May 2012 response to the State's objection to his PCR Petition; (3) McDowell's testimony at the evidentiary hearing that he did not give much weight to Judge McCarter's comments about rejecting the plea offer; (4) McDowell's persistence and desire to go to trial even after Judge McCarter's comments; (5) the passage of three months between the comments and McDowell's plea entry; and (6) McDowell's sentencing by a different judge. The District Court determined that McDowell failed to meet his burden to show it was reasonably probable that but for Neal's failure to object to Judge McCarter's comments or to advise McDowell to ignore them, he would not have changed his plea and instead would have insisted on going to trial.
¶ 17 The District Court's determination that Judge McCarter's comments did not coerce McDowell into entering his plea was not clearly erroneous. See Wilkes , ¶ 9. Because Judge McCarter's comments lacked coercive effect, McDowell has failed to demonstrate actual prejudice under the second prong of Strickland . See Stock , ¶ 24. It is therefore unnecessary to analyze the merits of the first prong. See Whitlow , ¶ 11. The District Court properly denied McDowell's PCR Petition. See Wilkes , ¶ 9; Ellenburg , ¶ 12.
¶ 18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.
We Concur:
LAURIE McKINNON, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.
JIM RICE, J.

Besides the numerous pro se filings and McDowell's vacillation between whether he wanted representation or not, McDowell also sent a letter, dated January 21, 2009, to Prosecutor John Flynn declaring he did not have an attorney and requesting all future "paperwork" be directed to McDowell.