No. 14512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN THE MATTER OF ANTHEL LAVAN BROWN,
a/k/a ROBERT MICHAEL WILCOX, a/k/a
BO-BO-BROWN,

Defendant and Petitioner.

---

Appeal from: District Court of the Eighteenth Judicial District,

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

John W. McDonald, Missoula, Montana
James Taylor argued, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mary B. Troland argued, Assistant Attorney General,
Helena, Montana
Donald White argued, County Attorney, Bozeman, Montana

---

Submitted: October 30, 1979

Decided: JAN 17 1980

Filed: JAN 17 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Petitioner, Anthel LaVan Brown, appeals the order of the Gallatin County District Court which denied his petition for withdrawal of his guilty plea. The sole issue in this appeal is whether the District Court, before accepting defendant's guilty plea, established that the defendant voluntarily and understandingly entered his plea on which he was sentenced.

On November 20, 1978, defendant filed a petition for postconviction relief with this Court. We remanded the petition to the District Court which held a postconviction hearing on December 5, 1978, and filed its order of January 18, 1979, denying defendant's request for withdrawal of his guilty plea. Defendant appeals the District Court's denial of his petition.

The State's information charged the defendant with five offenses: count 1, felony theft; count 2, deliberate homicide; count 3, sexual intercourse without consent; count 4, robbery; and count 5, aggravated assault. At his arraignment, the defendant's attorneys stated that the defendant wished to enter a guilty plea. The court established on the record its instruction to the defendant that defendant's attorneys believed that entry of a guilty plea was not in the defendant's best interest, and that such a plea was a waiver of his constitutional rights to trial by jury, to confront and cross-examine witness, and his right against self-incrimination. Defendant's counsel informed the court that defendant wished to enter a guilty plea because of his dislike of maximum security confinement in the Gallatin County jail. The court stated to the defendant that such confinement was a necessity and was an irritation

-2-

more than anything else. The court asked defendant whether he believed a guilty plea would result in his sudden release, and the defendant replied that he knew where he was going. The court informed the defendant of the maximum charge for each offense and that the rest of his life even at best would be spent in confinement. The court stated for the record that it had received from the county attorney a statement from a psychiatrist stating that the defendant was sane and capable to stand trial. The defendant then pleaded guilty to each of the five counts contained in the information.

The court continued the hearing until the afternoon, and after recess again went through each of the charges against the defendant, read to the defendant the acts alleged under each count of the information, and asked the defendant to explain in his own words what he did.

With regard to the charge of felony theft, the information charged the defendant with the theft of a .22 Hi-Standard revolver, numerous .22 shells, and a suitcase valued in excess of $150. The defendant admitted that he stole the revolver and shells but stated that he owned the suitcase. If this were true, the remaining articles may not have had enough value to constitute a felony.

The information charged the defendant committed deliberate homicide by willfully, purposely, or knowingly, or while engaged in the commission of or attempt to commit a robbery causing the death of Glen Belnap by shooting him with a firearm. Concerning this charge, the defendant admitted entering the deceased's premises with a gun, and that the deceased was dead when he left, but defendant did not recall whether he fired his gun. The court then read the last three charges, and to each charge, the defendant stated that he did not do

-3-

anything, that he never even saw the victim of the rape, robbery, and assault. The court accepted the defendant's guilty pleas and at defendant's request immediately sentenced him. The sentence provided that the defendant should serve the maximum term provided for each of the five counts, a total of 190 years in prison.

Defendant claims that the District Court erred in accepting his guilty plea because he professed his innocence concerning the rape, robbery and assault charges, and could not recall whether he committed the homicide. Defendant maintains that the court should have established on the record a factual basis for each of these charges before it accepted his plea. Defendant also claims error in the District Court's failure to instruct defendant that he might mitigate the charges of felony theft and deliberate homicide. The final assertion of error is that the District Court, having been informed that defendant objected to the nature of his incarceration, should have inquired into conditions of his confinement to determine whether the guilty plea was truly voluntary.

The defendant's first contention is that the District Court erred in accepting his guilty plea before it established a factual basis in the record to support the plea. Defendant cites Boykin v. Alabama (1969), 395 U.S. 298, 89 S.Ct. 1709, 23 L.Ed.2d 274, for the proposition that the trial court shall not accept a guilty plea without first determining that it is voluntary with an understanding of the charge. See also, sections 46-16-105 and 46-12-204(2), MCA. He argues that the record does not disclose that the District Court made such a determination here because his guilty plea was accompanied by a declaration of innocence.

The defendant's argument lacks merit. There is no constitutional prohibition against accepting the guilty plea

-4-

of a defendant who denied his actual guilt. North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. There is no set standard to be applied by a court in handling motions to withdraw a guilty plea. State v. Lewis (1978), 173 Mont. 1, 582 P.2d 346. The trial court's decision concerning the motion is subject to review only upon a showing of an abuse of discretion. State v. Doty (1977), 173 Mont. 233, 566 P.2d 1388. Here there was no abuse of discretion because the record established by the trial court includes a substantial factual basis for the plea, and further shows the defendant's almost obstinate insistence that he be allowed to plead guilty to all five counts.

The State filed an affidavit of probable cause to support its motion for leave to file an information. Judge Lessley, who presided at defendant's arraignment, signed the order granting the State's motion. The State's affidavit established the following events:

At 1:00 a.m. on the morning of September 23, 1979, a female taxi cab driver in Bozeman reported to police that a 20 to 25 year old man, 5'6" tall with blonde hair and a mustache and wearing blue denim pants had sexually assaulted her, and at gunpoint had taken her wallet, a bowling card receipt with her name printed on the card, and her food stamps. Later that morning the police received another complaint concerning a man matching the same description. The complainant reported the theft of a .22 caliber revolver. The same day a person matching the defendant's description was seen running from Hoadley's Standard Station where Glen Belnap was just shot and killed. The deceased was shot five times with .22 caliber bullets. The fleeing suspect was described as wearing a blue coat with a fur-lined hood.

-5-

The defendant is in fact 5'6" tall, 150 pounds, with blonde hair and a mustache. He was arrested in Butte, Montana and taken to the Bozeman police station where he confessed that he entered Hoadley's Standard Station with the intent to rob, and that in the course of the robbery he killed the storeowner. The police obtained a search warrant and searched defendant's room where they obtained a blue coat with a fur-lined hood, a pair of blue denim jeans, a partially burned bowling card with the first name of the rape victim still visible, some food stamps, and five spent .22 caliber shell casings. The defendant had in his possession a .22 Hi-Standard revolver when he was arrested.

The defendant was not unaware of the acts charged against him. The transcript of defendant's arraignment shows that the court thoroughly familiarized the defendant with acts alleged in the information concerning each of the five counts. Under these circumstances, the court did all that it was reasonably expected to do to enable the defendant to understand the charges against him as they relate to the facts of this case. We conclude that the State's affidavit and the transcript of the arraignment established an adequate factual basis for defendant's plea.

In spite of the thorough procedures taken by the trial court to protect the defendant's rights, he contends that the record does not establish that he understood the charge of felony theft. The defendant argues that since he denied having stolen a suitcase, and the two items which he admitted having stolen are probably less than $150 in value, the facts to which he confessed are only a misdemeanor. Thus, he argues that the court had a duty to inform him that if he went to trial and proved that he owned the suitcase, he

-6-

might mitigate the charge of felony theft, a misdemeanor, and reduce his sentence. See Jones v. State of Montana (D. Mont. 1964), 235 F.Supp. 673. This argument lacks merit because the record of the arraignment includes statements by defendant's counsel that defendant had been informed by counsel that the acts which he admitted might only constitute a misdemeanor. The District Court's repetition of this explanation to the defendant would not have added to his understanding of the charge, and was not required here.

The defendant argues that the record fails to establish that he understood the consequences of pleading guilty to deliberate homicide. He maintains that the court had a duty to inform him that the charge of deliberate homicide might be mitigated with a showing at trial that he lacked the intent willfully, purposely, or knowingly to kill the deceased. See State v. Azure (1977), ___ Mont.___, 573 P.2d 179, 34 St.Rep. 1569. This argument also lacks merit. The State's information charged the defendant with willful felony murder as well as with willful and deliberate murder, and its affidavit of probable cause stated that defendant had confessed to entering Hoadley's Standard Station with the intent to rob and in the course of the robbery had shot the deceased, Glen Belnap. Thus it was clearly on record that the State had a case against the defendant on the charge of felony murder.

The last contention raised by defendant is that the court erred by failing to inquire into the voluntariness of the defendant's pleas when he stated that he was pleading guilty to get out of jail and to get out of the county. However, the record clearly shows that defendant was under no compulsion to enter his plea. The defendant's counsel stated that defendant objected to his confinement in the county jail

-7-

because he was placed in maximum security quarters. A prisoner's dislike of the security quarters is not per se a factor in determining the voluntariness of his plea. Kress v. United States (8th Cir. 1969), 411 F.2d 16; Verdon v. United States (8th Cir. 1961), 296 F.2d 549, 552, cert.den. 370 U.S. 945 (1962). Neither defendant nor his counsel have suggested that conditions in the jail were substandard or in any way abusive. There is nothing in the record to suggest that the jail conditions coerced the defendant into entering his plea. Under these circumstances no error was commited by the District Court in accepting defendant's guilty plea without further inquiry.

We find that the record developed by the District Court before accepting the defendant's plea indicates that defendant pleaded voluntarily and understandingly to each of the charges against him. Accordingly, the District Court's denial of defendant's petition for withdrawal of his guilty plea is affirmed.

_____
                         Justice

We Concur:

_____
        Chief Justice

_____

_____
             Justices

Mr. Justice Daniel J. Shea will file a written dissent at a later time.