No. 93-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

    Plaintiff and Respondent,

-v-

ANTHEL L. BROWN,

    Defendant and Petitioner.



APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Anthel L. Brown, Deer Lodge, Montana (pro se)

        For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Elizabeth
        L. Griffing, Assistant Attorney General, Helena,
        Montana; Mike Salvagni, Gallatin County Attorney,
        Bozeman, Montana


Submitted on Briefs:  August 11, 1994

Decided:  October 4, 1994

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Petitioner Anthel L. Brown appeals the denial of his second petition in the Judgment on Motion for Post Conviction Relief by the District Court of the Eighteenth Judicial District, Gallatin County. We affirm.

Defendant raises the following issues in his petition for post-conviction relief:

I.   Whether the petition for post-conviction relief is time-barred under § 46-21-102, MCA.

II.  Whether the District Court erred in not appointing counsel for petitioner for purposes of this appeal.

III. Whether the District Court erred in not holding an evidentiary hearing.

In 1976, appellant was convicted by guilty plea of felony theft, deliberate homicide, sexual intercourse without consent, robbery, and aggravated assault. Brown entered his guilty plea against the advice of counsel. He was sentenced to a total of 190 years in the Montana State Prison.

In 1978, Brown, represented by the Defender Project at the University of Montana School of Law, filed a petition for post-conviction relief in this Court, alleging his guilty plea was involuntary. This Court remanded the matter for an evidentiary hearing.

After the evidentiary hearing in District Court, Brown's first post-conviction petition and request to withdraw his guilty plea were denied. The denial was affirmed on appeal to this Court after

2

a thorough review. See In the Matter of Brown (1980), 185 Mont. 200, 605 P.2d 185. Brown then sought habeas corpus relief in federal court on essentially the same grounds that he had raised in state courts. This relief was denied. See Brown v. Crist (D. Mont. 1980), 492 F. Supp. 965, aff'd without published opinion, 654 F.2d 728 (9th Cir. 1981), cert. denied, 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981).

Thirteen years later, Brown filed his second petition for post-conviction relief, alleging again that his guilty plea was involuntary and further alleging ineffective assistance of counsel. The District Court denied the petition because it was not filed within the five-year statutory period provided for in § 46-21-102, MCA.

## Issue I: Statute of Limitation

Defendant contends the District Court erred in finding he was procedurally barred by the five-year period in § 46-21-102, MCA, because that statute went into effect in 1981. However, § 46-21-102, MCA, was enacted after this Court's decision in In re McNair (1980), 189 Mont. 321, 615 P.2d 916, which held that a defendant who waited eight and one-half years after the conviction before filing his petition for post-conviction relief seeking to withdraw his guilty plea had waited too long to seek relief. Thus, even before the enactment of the five-year time bar, case law prohibited filing a petition after eight and one-half years.

Brown waited thirteen years after being denied certiorari by the United States Supreme Court before initiating this proceeding--

3

nearly eighteen years after his guilty plea. The five-year time bar is mandatory and jurisdictional. We conclude Brown's petition was properly denied by the District Court.

## Issue II: Right to Counsel

Brown filed a motion for Appointment of Counsel along with his notice of appeal in this matter. Brown contends he is entitled to counsel in this appeal from his denial of post-conviction relief. The right to counsel is guaranteed by the Sixth Amendment of the United States Constitution at "critical stages" of a proceeding. See, e.g., State v. Black (1990), 245 Mont. 39, 43, 798 P.2d 530, 532. Proceedings for post-conviction relief are not considered as "critical stages" but rather as collateral attacks which are civil in nature and, thus, are not governed by the Sixth Amendment right to counsel. Black, 798 P.2d at 532. We conclude the District Court correctly denied assistance of counsel for this appeal.

## Issue III: Evidentiary Hearing

Brown recognizes in his brief that the post-conviction relief procedure is civil in nature and independent of his criminal case. However, he contends it is error to deny an application for post-conviction relief without an evidentiary hearing if the allegations have merit or would otherwise entitle the petitioner to relief. If Brown's post-conviction petition were not time-barred, he in fact would be entitled to an evidentiary hearing like the hearing granted in his first petition for post-conviction relief. Because this petition is time-barred, such a hearing is not warranted. We conclude that Brown is not entitled to an evidentiary hearing.

4

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

5