FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0020

DA 15-0020

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 237N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANTHEL LAVAN BROWN,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. 2744A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Anthel Lavan Brown (Self-Represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs: July 22, 2015
Decided: August 11, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Anthel Brown appeals from the District Court's order denying Brown's motion to compel discovery from the State of Montana.  We affirm.

¶3      In 1976 Brown pled guilty to the felony offenses of robbery, deliberate homicide, aggravated assault and sexual intercourse without consent.  The District Court sentenced Brown to a term of 194 years that he is currently serving.  Brown did not appeal but has filed several collateral attacks upon his conviction in the intervening decades.  In 1980 the District Court held an evidentiary hearing on Brown's motion to withdraw his guilty plea on the ground that it was not entered knowingly and voluntarily.  Brown did not introduce any evidence at that hearing and did not cross-examine any witnesses called by the State.  The District Court examined the factual record, determined that Brown's argument "lacks merit," and denied the motion to withdraw the pleas.  This Court affirmed. *In re Brown*, 185 Mont. 200, 605 P.2d 185 (1980).  Brown filed a petition for a writ of habeas corpus in Federal District Court upon similar grounds and the federal court denied relief. *Brown v. Crist*, 492 F. Supp. 965 (D. Mont. 1980), *aff'd* 654 F.2d 728 (9th Cir. 1981), *cert. denied* 454 U.S. 1087, 102 S. Ct. 648 (1981).  In 1993 Brown filed a

2

petition for postconviction relief in state court contending that his guilty pleas were not voluntary and that he had received ineffective assistance of counsel. The District Court denied relief on the grounds that the record showed that Brown was not entitled to any relief, and that the petition was barred by the time limitation in § 46-21-102, MCA. This Court affirmed. *State v. Brown*, Cause No. 93-555, decided October 4, 1994.

¶4 Brown filed the present proceeding in March 2014 as a "Motion for Discovery" in his original criminal case from the 1970s. He sought copies of "all forensic reports" developed in connection with the prosecution against him, including ballistic testing, blood typing, police reports, witness statements and lab reports. He contends generally that there are "many constitutional violations" that must be addressed regarding his original guilty pleas and that he needs the information in order to file a petition for postconviction relief.

¶5 The District Court denied Brown's motion for discovery, concluding that Brown's anticipated petition for postconviction relief was governed by the five-year statute of limitations in § 46-21-102, MCA, and was therefore time-barred. The District Court further concluded that since Brown admits that the material he seeks existed at the time of his guilty plea, it is not newly discovered evidence for purposes of avoiding the statutory time limit. In addition, the District Court determined that Brown had been afforded ample opportunity in prior proceedings to raise any issues concerning his pleas and conviction.

¶6 On appeal Brown states that he intends to file a petition for postconviction relief contending that his guilty pleas were not voluntary and that the evidence that the

3

prosecution could have used against him was subject to impeachment. He contends that the evidence he needs to support these arguments is contained in two sealed envelopes that are part of the original District Court file from the prosecution in the 1970s.

¶7 The Court opened those sealed envelopes and examined the contents, which do not contain the documents that Brown speculates they would contain. Neither envelope showed any sign that it had been opened since being sealed 40 years ago. One envelope contained a copy of the State's notice that it intended to seek that Brown be treated as a persistent felony offender. The second envelope contained a letter from a psychologist to the District Court in October 1976 opining that Brown was "legally sane" at the time of the offenses. This letter was specifically mentioned in this Court's 1980 Opinion on Brown's motion to withdraw his guilty plea.[1] *Brown,* 185 Mont. at 203, 605 P.2d at 186.

¶8 It is also clear that Brown's issues regarding whether his guilty pleas were knowing and voluntary were determined or could have been determined in the state court proceeding in 1980 in which he sought to withdraw his guilty plea. Brown is bound by that determination that his pleas were voluntary and he cannot continue to raise those issues in subsequent petitions and proceedings. Section 46-21-105, MCA; *State v. Perry,* 232 Mont. 455, 463-64, 758 P.2d 268, 273-74 (1988); *Gollehon v. State,* 1999 MT 210, ¶ 51, 296 Mont. 6, 986 P.2d 395.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

---

[1] We direct that the Clerk of this Court send a copy of each of those documents to Brown.

4

of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE