**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward Skene OVERAKER,**
**Defendant-Appellant.**

**No. 84–1320.**

United States Court of Appeals,
Ninth Circuit.

Submitted * May 24, 1985.

Decided July 23, 1985.

Negatu Molla, Asst., Tucson, Ariz., for plaintiff-appellee.

Isabel Garcia Gallegos, Tucson, Ariz., for defendant-appellant.

Before TANG, POOLE and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Edward Overaker was convicted of escape in the District of Arizona for failing to

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

report to a federal prison camp there. He appeals from the district court's order denying his motion for a judgment of acquittal due to improper venue. We affirm.

## FACTS

Overaker was serving a sentence for bank robbery at the federal prison in Sandstone, Minnesota. On May 22, 1984, he was permitted an unescorted transfer to a federal prison camp in Safford, Arizona. He failed to report as required by the transfer order. On June 12, a United States Marshal found Overaker in Gladstone, Missouri.

Overaker was indicted and convicted in the District of Arizona for escape from the custody of the Safford, Arizona prison camp. *See* 18 U.S.C. § 751. His motions for a judgment of acquittal were denied. *See* Fed.R.Crim.P. 29. Overaker timely appeals.

## ANALYSIS

■ The parties dispute the standard of review. Overaker urges us to determine whether the evidence, viewed in the light most favorable to the government, permits a rational conclusion of guilt beyond a reasonable doubt. *See United States v. Ochoa-Torres*, 626 F.2d 689, 691 (9th Cir. 1980); *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir.1972); *United States v. Nelson*, 419 F.2d 1237, 1241–45 (9th Cir.1969). The government suggests that de novo review is proper because the facts are not in dispute and we are required to determine a question of law. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We conclude that Overaker's claim fails under either standard of review.

■ Overaker next contends that Arizona was not the proper venue for his prosecution because he was not confined in Arizona when the offense occurred. This argument lacks merit for two reasons.

First, Overaker was in the constructive custody of the Arizona authorities as soon as he was ordered to report to them. *See United States v. Peterson*, 592 F.2d 1035, 1037 (9th Cir.1979).

Second, proper venue is based on the location of the offense, not on the personal presence of the offender. *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360, 5 L.Ed.2d 340 (1961); Fed.R.Crim.P. 18. The Supreme Court has held that "where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime." *Johnston v. United States*, 351 U.S. 215, 220, 76 S.Ct. 739, 742, 100 L.Ed. 1097 (1956). In *Johnston*, two conscientious objectors failed to report for alternative service at hospitals outside the judicial districts where they resided. They were indicted in the districts where the hospitals were located. The Supreme Court upheld the choice of venue. *Id.* at 222–23, 76 S.Ct. at 743.

The Eighth Circuit has applied *Johnston*'s reasoning to an escape case very similar to the case at bar. In *United States v. Wray*, 608 F.2d 722 (8th Cir.1979), *cert. denied*, 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980), the defendant was released for an unescorted transfer from a federal correctional facility in California to a community treatment center in Kansas City, Missouri. The defendant failed to report to the treatment center and never physically entered the Western District of Missouri, where he was subsequently indicted. The Eighth Circuit held that venue was properly laid in the Western District of Missouri because the defendant's failure to report occurred there. *United States v. Wray*, 608 F.2d at 725. *See also United States v. Clinton*, 574 F.2d 464, 465 (9th Cir.) (venue for failure to file a tax return is proper either in the district where the defendant resides or in the district where the return should have been filed), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978).

We hold that venue was proper in the District of Arizona because Overaker failed to report there as ordered.

**1328**

## CONCLUSION

The order denying judgment of acquittal is AFFIRMED.