MR. JUSTICE WEBER
delivered the Opinion of the Court.
Mr. White pled guilty in the District Court for the Fourth Judicial District, Missoula County, to a charge of felony theft. In this appeal, he challenges the jurisdiction of the State of Montana. We affirm.
*357 The issue is whether the District Court had jurisdiction over the offense.
Mr. White worked for Mr. Rang, a Montana businessman, as a long distance truck driver. The parties stipulated to the following facts with respect to the issue of jurisdiction:
“That when Mr. White took possession of Mr. Rang’s truck and left the state of Montana, he did so with authorization to do so — namely, he was employed by Mr. Rang, and he was supposed to drive his truck; that the way he left the state of Montana with the truck, that he had at that time no criminal intent; that subsequent to Mr. White’s leaving Montana in early 1984 with the truck, that he was never again in Montana with the truck; that at some point in the late spring of 1984, by long distance telephone, Mr. Rang communicated to Mr. White his lack of authority to continue driving the truck; and that Mr. White thereafter used, concealed, or abandoned the truck in such a manner as to deprive the owner of the property; and that he did this at least in the states of Kentucky and Texas and possibly other states.”
Mr. White was arrested on this charge in Kentucky in April 1985. He originally pled innocent, and moved to dismiss on the basis that the Montana court had no jurisdiction. His motion was denied. After one day of trial, Mr. White changed his plea to guilty. After he was sentenced, he filed a motion to reconsider the adverse ruling on jurisdiction. That motion was also denied.
Did the District Court have jurisdiction over the offense?
Section 46-2-101, MCA, sets forth the scope of Montana courts’ jurisdiction:
“A person is subject to prosecution in this state for an offense which he commits while either within or outside the state by his own conduct or that of another for which he is legally accountable if:
“(a) the offense is committed either wholly or partly within the state;
“(b) the conduct outside the state constitutes an attempt to commit an offense within the state and an act in furtherance of the offense occurs in the state; or
“(c) the conduct within the state constitutes an attempt, solicitation, or conspiracy to commit in another jurisdiction an offense under the laws of this state and such other jurisdiction.
“(2) An offense is committed partly within this state if either the conduct which is an element of the offense or the result which is an element occurs within the state. In homicide, the ‘result’ is either *358 the physical contact which causes death or the death itself, and if the body of a homicide victim is found within the state, the death is presumed to have occurred within the state.
“(3) An offense which is based on an omission to perform a duty imposed by the law of this state is committed within the state, regardless of the location of the offender at the time of the omission.
“(4) This state includes the land and water and the air space above such land and water with respect to which the state has legislative jurisdiction.”
This statute extends Montana’s jurisdiction to crimes which would not in the past have been within the State’s jurisdiction. For example, Section 46-2-101(2), MCA, allows Montana to prosecute a homicide if a body is found within Montana, regardless of where the homicide occurred. We must keep this broad assertion of jurisdiction in mind as we analyze the present case.
Section 45-6-301, MCA, defines the crime of theft. Subsection (1) provides:
“A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
“(a) has the purpose of depriving the owner of the property;
“(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
“(c) uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property.”
The charge against Mr. White in the information was phrased in the language of Section 45-6-301(l)(b), MCA.
Mr. White argues that the State of Montana does not have jurisdiction to charge him with theft because none of the elements of the crime occurred in the state. He cites Illinois cases in support of his position.
Although the source of Montana’s theft statute is the Illinois theft statute, Ill.Rev.Stat. ch. 38, paragraph 16-1, Montana’s statute has been modified significantly from the Illinois statute. The Illinois statute does not contain a subsection like Section 45-6-301(l)(b), MCA. In the absence of the statutory provision under which Mr. White was charged, Illinois’ interpretation of its statute is not relevant.
Mr. White also points out that the Commission Comments to Section 45-6-301(1), MCA, state “only two elements must be proved *359 under this subsection, a knowing exertion of control and a purpose to deprive . . . .” We conclude that while this statement may be true for parts (a) and (c) of subsection (1), the language of part (b) requires that the owner must be deprived of his property before a charge of theft will stand. Mr. Rang’s truck was delivered to Mr. White in Montana with the understanding that it was to be returned to Mr. Rang in Montana. We conclude that the failure to return the truck resulted in Mr. Rang being deprived of his property in Montana. Under Section 46-2-101(2), MCA, Montana has jurisdiction over an offense if the result which is an element of the offense occurred in Montana. We hold that the Montana court had jurisdiction over the charge of theft against Mr. White.
Affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON and GULBRANDSON concur.