No. 99-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 9

302 Mont. 183

14 P.3d 441

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL VERNON BILLEDEAUX, JR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Big Horn,

Honorable G. Todd Baugh, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Kevin Gillen, Gillen Law Office, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Ilka L. Becker,

Assistant Attorney General, Helena, Montana

Christine Cooke, County Attorney; Curtis L. Bevolden, Deputy

County Attorney, Hardin, Montana


Submitted on Briefs: November 30, 2000
Decided: February 14, 2001


Filed:


_____


Clerk


Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Following a jury trial in the Twenty-second Judicial District Court, Michael Billedeaux was convicted of deliberate homicide (felony murder) and sentenced to forty years in Montana State Prison. He appeals his conviction, alleging that the District Court improperly denied his motion for a directed verdict, improperly instructed the jury and improperly denied his motion for a new trial. We affirm the rulings of the District Court on all issues raised.

## BACKGROUND

¶2 On the evening of November 14, 1997, hours after getting married, Richard Whistling Elk (Whistling Elk) was attacked in the parking lot of the Town Pump convenience store in Hardin, Montana. He was first knocked to the ground and then beaten, kicked and stabbed by four young men: Michael Billedeaux (Billedeaux); Mike Hatton (Hatton); and two friends, Timothy Swank and Thomas Morrison. Whistling Elk died from five knife wounds received during the fight. After an investigation by police, all four individuals were arrested and faced trial on a variety of charges. Billedeaux was charged by information with accountability for deliberate homicide or, in the alternative, deliberate homicide under the felony murder rule of § 45-5-102(1)(b), MCA. A jury found him guilty of deliberate homicide (felony murder) and the District Court sentenced him to forty years in Montana State Prison with an additional ten years for the use of a weapon. He appeals his conviction, raising the following issues:

¶3 Issue 1. Did the District Court err when it denied Billedeaux's motion for a directed

verdict on the charge of deliberate homicide (felony murder)?

¶4 Issue 2. Did the District Court err by not giving a jury instruction on the lesser included offense of assault?

¶5 Issue 3. Did the District Court err when it denied Billedeaux's motion for a new trial?

## DISCUSSION

¶6 At the close of the State's case, Billedeaux made a motion for a directed verdict of acquittal on both counts, arguing that the State did not present sufficient evidence to send the case to the jury. The District Court denied his motion.

¶7 Issue 1. Did the District Court err when it denied Billedeaux's motion for a directed verdict on the charge of deliberate homicide (felony murder)?

¶8 We review a district court's decision to deny a criminal defendant's motion for a directed verdict for an abuse of discretion. State v. Brady, 2000 MT 282, ¶ 20, 302 Mont. 174, ¶ 20, 13 P.3d 941, ¶ 20 (citing State v. Bromgard (1993), 261 Mont. 291, 293, 862 P.2d 1140, 1141). When the evidence in a criminal case is insufficient to support a guilty verdict the court may, either on its own motion or on motion of the defendant, dismiss the action and discharge the defendant. Section 46-16-403, MCA (1997). A defendant is entitled to a directed verdict of acquittal if reasonable persons could not conclude from the evidence, taken in a light most favorable to the prosecution, that guilt was proven beyond a reasonable doubt. Therefore, a directed verdict of acquittal is appropriate only when there is no evidence to support a guilty verdict. *Bromgard*, 261 Mont. at 293, 862 P.2d at 1141.

¶9 Billedeaux was charged with accountability for deliberate homicide under § 45-2-301, MCA, and deliberate homicide under § 45-5-102(1)(b), MCA, the felony murder rule. His motion for directed verdict covered both counts but, as he was acquitted by the jury of accountability for deliberate homicide, the District Court's denial of Billedeaux's motion with respect to that charge is moot. Billedeaux's sole claim on appeal, then, is whether the District Court improperly denied his motion on the felony murder charge.

¶10 To convict on a charge of deliberate homicide under the felony murder rule of § 45-5-102(1)(b), MCA, the State must show that:

the person attempts to commit, commits, or is legally accountable for the attempt or commission of . . . felony assault, aggravated assault, or any other forcible felony and in the course of the forcible felony . . . the person or any other person legally accountable for the crime causes the death of another human being.

Section 45-5-102(1)(b), MCA (1997). There is conflicting testimony about who did the stabbing, but there is no doubt that one of the four young men inflicted the knife wounds which caused Whistling Elk's death. Therefore, to overcome Billedeaux's motion for a directed verdict of acquittal on this charge, the State must have provided at least some evidence (1) that Billedeaux was legally accountable for the attempt or commission of a forcible felony and (2) that in the course of that felony either he or another accountable person caused Whistling Elk's death.

¶11 The State presented sufficient evidence for the jury to find that Billedeaux committed the forcible felony of felony assault. A person commits the offense of felony assault if the person purposely or knowingly causes bodily injury to another with a weapon. Section 45-5-202, MCA (1997). A "weapon" includes any instrument, article, or substance that, regardless of its primary function, is readily capable of being used to produce death or serious bodily injury. Section 45-2-101(76), MCA. Either a knife or shoes may be considered a weapon under this definition. State v. Mummey (1994), 264 Mont. 272, 277, 871 P.2d 868, 871 (holding that tennis shoes may be a weapon).

¶12 There was a great deal of conflicting testimony from the eyewitnesses in this case but two people, both of whom knew Billedeaux and had a clear view of the fight, testified that they saw him kicking Whistling Elk. Lorrie Harris, the cashier at the Town Pump, had worked with Billedeaux and knew him well. She testified that she saw him kicking Whistling Elk while he was on ground. Roberta Falls Down, the driver of the car in which Hatton, Billedeaux, Swank and Morrison had been riding, was parked a short distance away when the fight began. She testified that she saw Billedeaux kick Whistling Elk about three times.

¶13 We conclude, based on this record, that there was sufficient evidence for the jury to conclude that Billedeaux committed the offense of felony assault. Finally, although it is not known who inflicted the knife wounds, it is clear that Whistling Elk's death was caused during the attack, either by Billedeaux himself or by one of the others who joined him in the attack. Under these circumstances, Billedeaux was not entitled to a directed verdict of acquittal on the felony murder charge, and the District Court correctly denied

his motion.

¶14 Issue 2. Did the District Court err by not allowing a jury instruction on the lesser included offense of misdemeanor assault?

¶15 The District Court's final jury instructions did not include an instruction on the lesser included offense of misdemeanor assault as an alternative to the accountability and deliberate homicide charges. Billedeaux argues that he was entitled to such an instruction and the District Court's failure to provide one is reversible error. The State argues that Billedeaux did not properly request the assault instruction and did not object to its omission when the District Court asked for objections to the jury instructions. The State contends, and this Court agrees, that, having failed to adequately raise this issue at trial, Billedeaux has waived his right to do so on appeal.

¶16 A lesser included offense instruction must be given when there is a proper request by one of the parties. Section 46-16-607(2), MCA. However, absent such a request, the trial court has no duty to instruct the jury on a lesser included offense. State v. Sheppard (1992), 253 Mont. 118, 124, 832 P.2d 370, 373. This rule allows counsel to omit an otherwise appropriate lesser included offense instruction as part of a trial strategy of forcing the jury to choose between finding the defendant guilty of the greater offense or outright acquittal. *Sheppard*, 253 Mont. at 124, 832 P.2d at 373. Furthermore, a party may not assign as error any omission from instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions. Section 46-16-410(3), MCA.

¶17 There is some uncertainty about whether Billedeaux made a proper request for an instruction on a lesser included offense of misdemeanor assault. The initial set of eleven instructions he proposed to the District Court did not include such an instruction. According to the briefs, at the informal settling of instructions the District Court inquired whether Billedeaux was going to offer a lesser included offense instruction. Billedeaux's counsel then manually changed his offered instructions to read "12" offered instructions rather than "11" and added an assault instruction to his filing with the clerk. However, the set of proposed jury instructions given to the District Court only contained the original eleven, without the lesser included assault instruction.

¶18 Despite the technical filing of the instruction with the clerk, Billedeaux never informed the District Court that such an instruction was going to be filed or had been filed.

Billedeaux as much as concedes that he never properly requested the lesser included offense instruction when he states in his brief that, after the District Court's prompting, "he then drafted a lesser included instruction for assault and lodged it in the court [file]. However, there was no further discussion concerning the lesser included offense and consequently, none was offered or given."

¶19 Even if Billedeaux's filing of the additional instruction with the clerk could be said to be a proper request, he failed to object when the misdemeanor assault instruction was omitted from the District Court's final set of jury instructions. When instructions were settled on the record, the District Court asked each party to state objections to instructions given or omitted. Billedeaux objected to the District Court's refusal to give several of his other proposed instructions, but did not object to the omission of his proposed misdemeanor assault instruction.

¶20 Billedeaux concedes that he never actually offered a lesser included offense instruction. When the District Court declined to include one in the final instructions to the jury, he had the opportunity to object but declined to do so. We conclude that, under these circumstances, Billedeaux has failed to sufficiently raise an issue of reversible error with regard to the lesser included offense instruction.

¶21 Issue 3. Did the District Court err when it denied Billedeaux's motion for a new trial?

¶22 Following the jury's verdict, Billedeaux moved for a new trial alleging that the District Court failed to properly instruct on the lesser included offense of misdemeanor assault, it failed to grant Billedeaux's motion for a directed verdict at the close the State's case, and it allowed a flawed verdict form to be used by the jury. After briefing from both parties, the District Court denied the motion.

¶23 The trial court has discretion to grant a criminal defendant a new trial but may do so only if required in the interests of justice. Section 46-16-702(1), MCA. The court's decision, whether to grant or deny a new trial, must be justified by the law and the weight of the evidence. Section 46-16-702(3), MCA. We review a district court's decision on a motion for a new trial to determine whether the district court abused its discretion. Absent such abuse, we will affirm the district court's decision. State v. Hocevar, 2000 MT 157, ¶ 36, 300 Mont. 167, ¶ 36, 7 P.3d 329, ¶ 36.

¶24 In addition to restating his claim that the District Court should have granted his

motion for a directed verdict and instructed the jury on the lesser included offense of assault, Billedeaux argues that a new trial was warranted because of an error on the verdict form used by the jury. The first two issues have been addressed above.

¶25 Billedeaux was charged with two counts: Count I, accountability for deliberate homicide, and Count II, deliberate homicide under the felony murder rule. After the jury had returned its verdict, Billedeaux discovered that the word "accountability" had been omitted before the words "deliberate homicide" on Count I of the verdict form. Although Billedeaux never objected to the verdict form at trial and was, himself, the one who submitted the form to the court, he now claims that the District Court should have granted his motion for a new trial on the basis of his clerical error. We conclude that the error was harmless and that the District Court properly denied Billedeaux's motion for a new trial.

¶26 The evidence, argument and instructions presented at trial left no doubt that the charge in Count I was accountability for deliberate homicide, not deliberate homicide. During the State's opening argument, the prosecutor referred to the charge as "accountability for deliberate homicide" three times. During its closing statement, the State referred to the charge as "accountability for deliberate homicide" five times. Defense counsel referred to the charge of "accountability for deliberate homicide" three times during his closing statement. The State referred to "accountability for deliberate homicide" twice more during its rebuttal.

¶27 In addition to the arguments of the parties, the jury instructions informed the jury of the correct charge. Jury instruction No. 6 stated:

> An information has been filed charging the defendant, Michael Vernon Billedeaux Jr., with the offense of COUNT I: ACCOUNTABILITY FOR DELIBERATE HOMICIDE, or in the alternative to COUNT I: COUNT II: DELIBERATE HOMICIDE (FELONY MURDER).

Other instructions defined accountability, deliberate homicide and felony murder.

¶28 We conclude that the jury was correctly informed of the charges against Billedeaux and that the error on the verdict form had no effect on the outcome of the trial. Given our conclusions on issues one and two, we conclude that the District Court did not abuse its discretion when it denied Billedeaux's motion for a new trial.

¶29 We affirm the District Court on all issues raised.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON