No. 03-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 19

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

DEAN P. DAHLIN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Golden Valley, Cause No. DC 2002-06,
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Robert W. Snively, Attorney at Law, Roundup, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

              Catherine Truman, County Attorney, Roundup, Montana

Submitted on Briefs:  December 23, 2003

Decided:  January 28, 2004

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Dean Dahlin (Dahlin) appeals the denial of a motion for directed verdict in the Fourteenth Judicial District, Golden Valley County, where Dahlin was convicted of felony theft of a vehicle. We affirm and remand to the District Court for an amendment to the sentencing order consistent with this opinion.

¶2 We restate the issues on appeal as follows:

¶3 1. Whether the District Court abused its discretion in denying Dahlin's motion for directed verdict.

¶4 2. Whether the District Court erred in ordering restitution for loss of use of the vehicle.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Dahlin and Michael Anguiano (Anguiano) were roommates in Lavina, Montana, when Dahlin's van broke down. Anguiano gave Dahlin permission to use Anguiano's Ford F-150 truck for transportation to work in Billings. This arrangement continued for about three months. On March 14 or 15, Anguiano let Dahlin take the vehicle to Billings with the understanding that Dahlin would return it the following day. When Dahlin did not return the truck, Anguiano reported the vehicle stolen on March 26, 2002.

¶6 An information was filed on May 30, 2002, charging Dahlin with three counts of theft. Counts II and III were dismissed at the onset of the trial. Thereafter, the trial proceeded on Count I, felony theft of Anguiano's vehicle. During the trial, Anguiano testified that Dahlin did have permission to take the vehicle to Billings and keep it there

2

overnight but that Dahlin was to return it the next day. Anguiano also testified that he did not see or hear from Dahlin after Dahlin took the truck in March.

¶7 After the State rested its case-in-chief, Dahlin moved for directed verdict on the grounds that the State's evidence failed to show unauthorized control over the vehicle. The court denied the motion. Dahlin then presented his case, and he was convicted of felony theft. The court ordered Dahlin to make restitution to Anguiano in the amount of $1,336.12, including $500 for fair rental fee of the vehicle. Dahlin appeals the denial of the motion for directed verdict and the $500 reimbursement.

## STANDARD OF REVIEW

¶8 "We review a district court's decision to deny a criminal defendant's motion for a directed verdict for an abuse of discretion." *State v. Billedeaux*, 2001 MT 9, ¶ 8, 304 Mont. 89, ¶ 8, 18 P.3d 990, ¶ 8 (citing *State v. Brady*, 2000 MT 282, ¶ 20, 302 Mont. 174, ¶ 20, 13 P.3d 941, ¶ 20). No abuse of discretion occurs if, "after viewing the evidence in [a] light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cochran*, 1998 MT 138, ¶ 28, 290 Mont. 1, ¶ 28, 964 P.2d 707, ¶ 28.

## ISSUE 1

¶9 *Whether the District Court abused its discretion in denying Dahlin's motion for directed verdict.*

¶10 Dahlin contends that the District Court abused its discretion when it denied the motion for directed verdict because the State did not prove that there was a theft or that the theft

occurred in Golden Valley County. The State argues there was sufficient evidence that a theft occurred and that it occurred in Golden Valley County. An "owner must be deprived of his property before a charge of theft will stand." *State v. White* (1988), 230 Mont. 356, 359, 750 P.2d 440, 441. In *White*, the defendant was a long distance truck driver who did not return his employer's truck to Montana once his employer withdrew authorization for the defendant to operate the truck. We concluded that the defendant's failure to return the truck resulted in the employer being deprived of his property.

¶11 Here, when the State rested, Anguiano had testified that Dahlin had permission to drive the vehicle to Billings, keep it there overnight, and return the vehicle the next day. Dahlin failed to do this and, according to Anguiano, Dahlin did not contact Anguiano concerning the vehicle's whereabouts. Dahlin's failure to return the vehicle deprived Anguiano of his property. In addition, in *White,* jurisdiction was proper in Montana because the defendant was supposed to return the truck to Montana. *White*, 230 Mont. at 359, 750 P.2d at 441. Similarly, here, the State presented evidence that the theft occurred in Golden Valley County because Anguiano testified that Dahlin was to return the vehicle to Anguiano in Lavina, Montana, which is located in Golden Valley County. "The Supreme Court has held that 'where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime.'" *United States v. Overaker* (9thCir. 1985), 766 F.2d 1326, 1327 (quoting *Johnson v. United States* (1956), 351 U.S. 215, 220, 76 S.Ct. 739, 742, 100 L.Ed 1097, 1102).

4

¶12    There was sufficient evidence in the record when the State rested that a reasonable person, "after viewing the evidence in the light most favorable to the prosecution," could conclude that Dahlin committed felony theft in Golden Valley County. *Cochran*, ¶ 28. The District Court did not abuse its discretion in denying Dahlin's motion for directed verdict.

## ISSUE 2

¶13    *Whether the District Court erred in ordering restitution for loss of use of the vehicle.*

¶14    Dahlin contends that the restitution of $500 in rental fees was in error because there was no evidence to support the award. The State concedes the award for $1,336.12 should be reduced by $500.

¶15    We, therefore, affirm the District Court's denial of the motion for directed verdict and remand to the District Court to amend the sentencing order and reduce restitution by $500.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE

5