DA 06-0387

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 40

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CHAD E. MEEKS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-05-0297
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Martin W. Judnich, Attorney at Law, Missoula, Montana

       For Appellee:

       Hon. Mike McGrath, Attorney General; Sheri K. Sprigg, Assistant Attorney
General, Helena, Montana

       Fred Van Valkenburg, Missoula County Attorney; Dale Mrkich, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  August 9, 2007

Decided:  February 5, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 A jury found Chad Meeks guilty of theft by common scheme, and the Fourth Judicial District Court, Missoula County, entered judgment against him. Meeks appeals and we affirm.

¶2 The issue is whether the District Court erred in denying Meeks' motion for directed verdict on grounds the State of Montana failed to present evidence that he exerted or obtained unauthorized control over property of another.

BACKGROUND

¶3 The State of Montana charged Meeks with felony theft by common scheme in violation of §§ 45-2-101(7) and 45-6-301, MCA (2003). At trial, a police detective for the City of Missoula and loss prevention employees from three Missoula "big box" stores testified Meeks had been involved in three different methods of stealing property from the stores. In the first method, Meeks would walk into a store, load a shopping cart with merchandise, and then take it to the return counter and "return" the items without a receipt, usually in exchange for a store gift card. The second method involved price-switching by Meeks—taking bar code stickers from less expensive items and putting them onto more expensive items, then purchasing the more expensive items at the lesser price. In the third method, Meeks would bring a receipt into a store, pick up the items listed on that receipt from store shelves, and then take the items to the return counter for a cash refund. Using videotape evidence and testimony by the store loss prevention employees, the State's witnesses identified specific incidents in which Meeks took control of more than $1,000 in

2

merchandise, store gift cards and cash refunds.

¶4      Meeks moved for a directed verdict following the State's presentation of its case at trial, but the District Court denied his motion.  Meeks did not put on any witnesses or offer other evidence.  His counsel argued to the jury that the State had failed to prove all of the elements of the offense of theft as charged.  The jury found Meeks guilty, and he appeals.

STANDARD OF REVIEW

¶5      We recently clarified that, because it involves analysis and application of the law to the facts, we will review the denial of a motion for a directed verdict *de novo.  See State v. Swann*, 2007 MT 126, ¶ 19, 337 Mont. 326, ¶ 19, 160 P.3d 511, ¶ 19.  A directed verdict of acquittal should be granted in a criminal case only when no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the defendant guilty beyond a reasonable doubt.  *Swann,* ¶ 16 (citations omitted).

DISCUSSION

¶6      **Did the District Court err in denying Meeks' motion for directed verdict on grounds that the State of Montana failed to present evidence that he exerted or obtained unauthorized control over property of another?**

¶7      Section 45-6-301, MCA (2003), sets forth the elements of some of Montana's theft offenses.  The statute contains seven subsections, each of which contains the basic premise of a theft offense with language such as obtaining or exerting unauthorized control over property of the owner, obtaining by threat or deception control over property of the owner, obtaining control over stolen property knowing it to have been stolen by another, and the like.  *See e.g.* §§ 45-6-301(1), (2) and (3), MCA (2003).  In turn, each of the subsections

3

contains sub-subsections, none of which are at issue here. Other statutes define other theft offenses and related offenses.

¶8      Section 45-6-301(1)(a), MCA (2003), under which Meeks was prosecuted, provides that a person "commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner . . . and has the purpose of depriving the owner of the property[.]" Meeks contends that, while his actions may have constituted a different offense, they did not constitute the theft charged because he possessed the stores' property only as authorized by store personnel. Consequently, according to Meeks, he could not be convicted under § 45-6-301(1)(a), MCA (2003), as a matter of law.

¶9      A county attorney has broad discretion in determining when to prosecute a case and what crime will be charged. When the facts would support more than one charge, the crime to be charged is a matter of prosecutorial discretion. *State v. Smith*, 2004 MT 191, ¶ 19, 322 Mont. 206, ¶ 19, 95 P.3d 137, ¶ 19 (citations omitted). Moreover, and despite Meeks' claims to the contrary, we conclude the charge against him reflects the intent behind the statute. The Criminal Law Commission comments to § 45-6-301, MCA, which was enacted as § 94-6-302, RCM (1947), include the following:

> While the method by which unauthorized control is obtained or exerted is immaterial in subsection (1), and probably, in conjunction with one of the subdivisions (a), (b), or (c), would cover all forms of theft the commission felt that such an approach might be too concise, and might create problems of application, in view of the large body of statutory material and the large number of offenses it is intended to replace. Therefore, subsections (2) and (3) were added, to cover the specific offenses of theft by threat or deceit and receipt of stolen property, *although the commission intends that all forms of theft could be charged and proved under subsection (1).*

4

(Emphasis supplied.)

¶10     Meeks argued in his motion for directed verdict of acquittal—and argues on appeal—that he was not guilty of the charged offense as a matter of law because the State presented no evidence of his "unauthorized" control over the property at issue. The argument is based on the existence of store procedures for returns of merchandise in exchange for a store gift card and the like, and that store employees authorized his obtaining control over the property. At the bottom line, Meeks contends the State should have charged him with theft by deception under § 46-5-301(2), MCA (2003), or deceptive practices pursuant to § 45-6-317, MCA (2003). We disagree.

¶11     With regard to Meeks' argument that the State presented no evidence of "unauthorized control," the record reflects otherwise. A loss prevention associate for Walmart testified that Meeks took items off store shelves, put them into a cart, walked up to the customer service desk and asked for a refund for the items he had not paid for. The loss prevention associate testified Meeks was not authorized to do that. An assets protection associate at a second Missoula Walmart store testified about—and showed the jury store surveillance videotapes of—Meeks making purchases of various items with price stickers switched from lower-priced items. An assets protection manager for Target showed the jury a store videotape which showed Meeks selecting merchandise off store shelves from a receipt which he had brought into the store, and then taking the merchandise to the front of the store, where he told the cashier he had already purchased the merchandise and was returning it. The assets protection manager testified Target had not authorized Meeks to do that.

5

¶12     Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Meeks guilty of the charged theft beyond a reasonable doubt.  We conclude, therefore, the District Court did not err in denying Meeks' motion for a directed verdict of acquittal as a matter of law.

¶13     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS