JUSTICE NELSON,
dissenting.
¶26 I respectfully dissent.
¶27 The statute under which Shively was charged and convicted states as follows:
A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and . . . has the purpose of depriving the owner of the property.
Section 45-6-301(l)(a), MCA (2003) (paragraph break omitted).
¶28 Shively argues that under this language, the State had to prove that she knew her control over the property at issue (the welder) was unauthorized.[1] The State argues, however, that it had to prove only *521 that Shively “purposely or knowingly ‘exercisefd] authoritative or dominating influence over’ the welder for which she had no ‘grant of authority or power[, or]... permission”(brackets and ellipsis in State’s brief; citing American Heritage Dictionary of the English Language (4th ed. 2002)). In other words, the State interprets the statute as requiring proof that Shively purposely or knowingly obtained or exerted control over the welder and proof that such control was unauthorized, but not proof that she knew the control was unauthorized. In the State’s view, the “unauthorized” nature of the control need not be purposeful or knowing. It could be entirely inadvertent and innocent but still constitute theft.
¶29 This is consistent with the prosecutor’s theory of the case and the evidence presented at trial. The testimony of the State’s two witnesses established that someone stole the welder from Sletten Construction in the summer of2005 and that Shively pawned the welder on August 25, 2005. That’s it. The prosecutor offered no evidence that Shively knew her exertion of control over the welder on August 25 was unauthorized. Indeed, the prosecutor told the jury that he did not need to prove such knowledge.
¶30 In this respect, the prosecutor was in error, as is the State on appeal. The statute does not state that the person must simply “obtain or exert unauthorized control over property of the owner.” Nor does it state merely that the person must “purposely or knowingly obtain or exert control over property of the owner.” It states, rather, that the person must “purposely or knowingly obtain! ] or exert! ] unauthorized control over property of the owner.” Furthermore, the person must have “the purpose of depriving the owner of the property.” It is patently obvious that a person does not “purposely or knowingly” obtain or exert “unauthorized control” over property of the owner with the purpose of depriving the owner of the property if the person does not even know that her control over the property is unauthorized. If the person does not have felonious purpose or knowledge, then she cannot be convicted of theft.
¶31 Any other interpretation of the statute would lead to absurd results, contrary to the well-settled canon that “ ‘[statutory *522 construction should not lead to absurd results if a reasonable interpretation can avoid it.’ ” Bitterroot River Protective Assn. v. Bitterroot Conservation Dist., 2008 MT 377, ¶ 72, 346 Mont. 507, 198 P.3d 219 (quoting Montana Sports Shooting Assn. v. Dept. of Fish, Wildlife, and Parks, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003). For example, say that Dick lends Jane his car to transport Spot to the vet. Jane drives off. Suddenly, Dick changes his mind. Under the State’s theory, Jane is guilty of theft because her control over the car is no longer authorized, although she has no knowledge of Dick’s change of heart and although she is not acting with a purpose to exert “unauthorized control” over the car. Even as applied to the facts of this case, the State’s theory leads to absurd results. If a person is guilty of theft merely by exerting unauthorized control over Sletten’s welder, whether or not he or she knows such control is unauthorized, then Curry (the pawn shop employee) is as guilty as Shively is. Indeed, if any member of the public had purchased the welder on Craig’s List believing it to be the offeror’s to sell, that person could be charged with and convicted of theft under the State’s theory here. There is no evidence in the statutory language-er, for that matter, in the Commission Comments and Annotator’s Notes recited by the Court in ¶ 17-feo support this absurd interpretation of §45-6-301(l)(a), MCA. [2]
¶32 For these reasons, I cannot agree with the Court’s holding that the State was not required to prove Shively’s knowledge regarding the status of the welder. Opinion, ¶¶ 17, 18. The statute requires proof that the defendant “purposely or knowingly” obtained or exerted “unauthorized control” over property of the owner with the purpose of depriving the owner of the property. Thus, the State in fact had to prove that Shively, in acting with the purpose of depriving Sletten of its welder, was at least “aware of a high probability” that she was exerting unauthorized control over the welder. See §45-2-101(34), (64) MCA (2003) (defining “knowingly” and “purposely”). The State could have done so by showing that she had stolen the welder herself or that she knew it had been stolen by someone else. But the prosecutor presented no such evidence, erroneously believing that he had no *523 obligation to do so.
¶33 Given this error, the State now argues on appeal that “[p]roof that the item she exclusively possessed had been stolen recently, even absent proof she knew it was stolen, provided an adequate circumstantial inference that Shively purposely or knowingly exerted unauthorized control.” In other words, the State contends that “the jury was entitled to make a reasonable inference of her guilt based on her possession of recently stolen property.” This argument, however, is implausible and totally without merit, given that the prosecutor specifically told the jury that the State did not need to prove that Shively knew her exertion of control over the welder on August 25, 2005, was unauthorized.
¶34 Moreover, I do not agree with the State that such an inference is reasonable here. State v. Long, 227 Mont. 199, 738 P.2d 487 (1987), State v. White, 230 Mont. 356, 750 P.2d 440 (1988), and State v. Meeks, 2008 MT 40, 341 Mont. 341, 176 P.3d 1073, cited by the State and by the Court (Opinion, ¶¶ 16, 17), are distinguishable on their facts. In Long, the defendant acknowledged that he had exercised unauthorized control over the property at issue. Long, 227 Mont. at 201, 738 P.2d at 488. In White, the property owner “communicated to [the defendant] his lack of authority to continue driving the truck,” but the defendant nevertheless continued to use, conceal, or abandon the truck in such a manner as to deprive the owner of the property. White, 230 Mont. at 357, 750 P.2d at 440. And in Meeks, the evidence reflected that the defendant would walk into a store, load a shopping cart with merchandise, and then take it to the return counter and “return” the items without a receipt, usually in exchange for a store gift card. Or he would take bar-code stickers from less expensive items and put them on more expensive items, then purchase the more expensive items at the lesser price. Or he would bring a receipt into a store, pick up the items listed on that receipt from store shelves, and then take the items to the return counter for a cash refund. Meeks, ¶ 3. In light of this evidence, a jury could reasonably infer that the defendant knew his control over the gift cards, the cash refunds, and the merchandise purchased for less than the original marked price was unauthorized. In the present case, by contrast, the State offered nothing more than that Shively possessed Sletten’s property, that the property had previously been stolen by someone, and that she pawned it. On this minuscule evidence, the jury convicted her of theft, either inferring that she knew her control over the welder was unauthorized or ignoring this element altogether.
¶35 Besides my disagreement with the Court’s rendering of *524 § 45-6-301(l)(a), MCA, I have reservations about how the Court’s Opinion may be used in future cases and concerns about the constitutionality of the Court’s interpretation. Because the State did not offer evidence that Shively either stole the welder or knew that it was stolen-and the Court holds that the State in fact did not need to produce such evidence-the jury was left to find guilt based on Shively’s mere possession of the welder. All the State proved was that Shively pawned a welder that belonged to Sletten, thus leaving the jury to infer from these two facts that she knew her control over the welder was unauthorized.
¶36 The State’s failure to present specific evidence concerning Shively’s purpose or knowledge put her in the position of having to take the stand to disprove the State’s case. If she exercised her constitutional right not to testify[3]-which she did-fchen she ran the risk of being convicted-which she was-on the basis of mere possession of or association with the welder.
¶37 In this regard, we stated in State v. Kramp, 200 Mont. 383, 651 P.2d 614 (1982):[4]
Nonetheless, section 45-6-304, MCA, and instruction no. 6 have facial and applicative constitutional defects: they take away defendant’s presumption of innocence and force him to testify, by placing a burden on him either to disprove unlawful possession or to prove lawful possession.
Certain principles adhere. Proof of possession of stolen property standing alone may be as consistent with innocence as with guilt. Yet the jury ought at least be allowed to consider unexplained possession of stolen property, and from that fact infer that he participated in the theft. The burden of proving every essential element of the theft must always be on the State. The defendant is never required to take the witness stand and furnish an explanation of the possession. If he does testify as to his possession, whether his explanation is credible is a matter to be determined by the jury. Instructions to the jury incorporating these principles should properly inform the jury how to apply the *525 fact of possession in determining the guilt or innocence of the defendant.
Kramp, 200 Mont. at 396, 651 P.2d at 621.
¶38 The statute at issue in Kramp (§45-6-304, MCA (1979)) is not at issue here. But the problem addressed in Kramp is the same problem here. Shively was convicted of theft under § 45-6-301(l)(a), MCA, based on her mere possession and pawning of a welder that someone had previously stolen from Sletten. Yet, the statute requires proof of felonious purpose or knowledge: at the very least, an awareness of a high probability that his or her control over the property at issue is unauthorized. If such purpose or knowledge may be inferred from mere possession, as the State argues and the Court apparently holds, then the defendant is put in the position of having to take the stand at trial in order to disprove the State’s case and show that she did not know her control over the property was unauthorized. We. implicitly declared this approach unconstitutional in Kramp. See Kramp, 200 Mont. at 391-96, 651 P.2d at 619-21; see also State v. Campbell, 178 Mont. 15, 18-19, 582 P.2d 783, 785 (1978); State v. Treible, 275 Mont. 59, 63-65, 910 P.2d 237, 239-40 (1996) (Leaphart & Erdmann, JJ., dissenting) (arguing that “mere association” with a stolen article is not sufficient to show control over the stolen article in order to sustain a conviction of theft under §45-6-301(l)(a), MCA).
¶39 Of course, we stated in Kramp that the jury ought to be allowed to consider unexplained possession of stolen property and, from that fact, infer that the defendant participated in the theft. However, we also stated that proof of possession of stolen property, “standing alone,” may be as consistent with innocence as with guilt, and we emphasized that the burden of proving every essential element of the theft must always be on the State: ‘The defendant is never required to take the witness stand and furnish an explanation of the possession.”[5] Kramp, 200 Mont. at 396, 651 P.2d at 621. In this regard, the evidence presented in Meeks-e.g., that the defendant took bar-code stickers from less expensive items and put them on more expensive items and then purchased the more expensive items at the lesser price-is a good example of evidence from which a jury could reasonably infer that the defendant knew his control over the property at issue was unauthorized. In Meeks, therefore, the defendant was not convicted *526 based on proof of possession of stolen property “standing alone.” See also e.g. State v. Kelley, 2005 MT 200, ¶¶ 20-21, 328 Mont. 187, 119 P.3d 67. Here, by contrast, the prosecutor expressly relied on proof of possession of stolen property “standing alone.” He presented no other facts from which a rational fact-finder could reasonably infer that Shively knew her control over the welder was unauthorized.
¶40 It appears, therefore, that we are heading down the same unconstitutional path we rejected in.Kramp4.e., we are permitting the State to prove theft based on nothing more than the defendant’s possession or “mere association” with stolen property, thereby forcing her to take the stand to disprove the State’s case. Obviously, the fact that the defendant knew her control over the property was unauthorized may be proved circumstantially. But, as we pointed out in Kramp and Campbell, circumstantial evidence must in fact be presented by the State. The State did not do so here; as a matter of fact, the State told the jury it did not need to do so. Thus, to the extent the Court’s Opinion may be read to say that the prosecution does not need to offer such evidence in a prosecution -under §45-6-301(l)(a), MCA, I disagree. The State is not entitled to make its case on the defendant’s choice to exercise her constitutional right to remain silent and put the State to its proof.
¶41 In sum, I conclude that under §45-6-301(l)(a), MCA, the State must prove that the defendant had knowledge that her control over the property at issue was unauthorized. Proof of possession of stolen property, standing alone, is not sufficient to establish such knowledge. Thus, I would hold that the evidence presented at Shively’s trial is insufficient to sustain her conviction of theft. I would reverse the District Court’s judgment and remand with instructions to dismiss the case with prejudice.
¶42 I dissent.
JUSTICE COTTER joins the Dissent of JUSTICE NELSON.
JUSTICE LEAPHART joins the Dissent of JUSTICE NELSON.

 The Court perceives Shively’s claim to be that the State had to prove specifically that she knew the welder had been stolen. Opinion, ¶¶ 11,15. The Court then explains that there is no requirement in § 45-6-301(1), MCA, that the person act without authorization only by receiving stolen property. The Court opines that there may be other methods of acting without authorization. Opinion, ¶ 17. But this is not Shivel/ s *521 argument. She does not contend that §45-6-301(1), MCA, requires that unauthorized control be obtained or exerted by a certain “method.” Rather, her argument is that the defendant must know that her controhhowever it came aboutds unauthorized, and she translates that to mean, on the particular facts of this case, that she knew the welder had been stolen. See e.g. Brief of Appellant at 3, 6, 8,16,17, and Errata at 2. For this reason, I disagree with the Court that Shively is not challenging the sufficiency of the evidence. See Opinion, ¶¶ 11,13.

 Incidentally, resort to Commission Comments and Annotator’s Notes is, as the State puts it, ‘inappropriate” and ‘hot warranted,” given that the language of the statute is unambiguous. See Montana Sports Shooting, ¶ 11. Indeed, Shively and the State both agree that the "plain”language of §45-6-301(1), MCA, controls here. In this connection, Shively’s arguments based on §45-6-301(3), MCA, which the Court analyzes in ¶ 17, are offered as alternative arguments in the event this Court concludes that subsection (1) is ambiguous. See Brief of Appellant at 15. They are not her primary theory.

 U.S. Const. amend V; Mont. Const, art. II, §25.

 In Kramp, the Court declared unconstitutional §45-6-304, MCA (1979). Kramp, 200 Mont. at 396, 651 P.2d at 621. This statute provided: ‘Possession of stolen property shall not constitute proof of the commission of the offense of theft. Such fact shall place a burden on the possessor to remove the effect of such fact as a circumstance to be considered with all other evidence pointing to his guilt.” The statute was repealed in 1991. See Laws of Montana 1991, ch. 188, §2.

 Along these same lines, we devised a jury instruction under which the jury may infer from the defendant’s possession of the property of another that the defendant is guilty of theft, but only if such an inference is “warranted by the evidence as a whole.” See Kramp, 200 Mont. at 396-97, 651 P.2d at 621-22.