DA 14-0611

FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0611

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 213N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MATTHEW WOLFE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 13-147A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Suzanne C. Marshall, Marshall Law Firm, P.C.; Bozeman, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General; Helena, Montana

          Marty Lambert, Gallatin County Attorney; Bozeman, Montana

Submitted on Briefs:  June 17, 2015
Decided:  July 28, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On February 5, 2014, Matt Wolfe was found guilty of Partner or Family Member Assault under § 45-5-206(a), MCA, in the Eighteenth Judicial District Court, Gallatin County. Wolfe's conviction arose from a dispute he had with his girlfriend, Cassie Marfia. Wolfe and Marfia both acknowledged a physical conflict had occurred, and each of them called law enforcement following the incident to report differing explanations of what had occurred. Wolfe was charged with one count each of Partner or Family Member Assault and Sexual Assault. Following a jury trial in justice court, Wolfe was found guilty of Partner or Family Member Assault. Wolfe appealed to District Court, where he was again found guilty following a de novo jury trial. On February 21, 2014, Wolfe filed a motion for a new trial.

¶3 Wolfe made his new trial motion after one of his witnesses, Joel Jackson, reported overhearing a victim services advocate "conferring" with Marfia in an alleged attempt to influence her testimony during a break in the District Court trial, thereby "denying Mr. Wolfe a fair trial." Specifically, Wolfe alleged the advocate prompted Marfia to testify she had scratched and hit Wolfe in the face, despite testifying during the Justice

2

Court trial that she had never struck him in the face, to provide an explanation for Wolfe's facial injuries in light of his assertion that she had started the fight.

¶4 After a hearing, the District Court denied the new trial motion, noting there had been "no mention of any punching in the testimony that was presented to the jury" and thus there was "no context" to assess the alleged coaching, as Marfia did not so testify. Further, there had been "extensive cross-examination of Ms. Marfia and her inconsistencies, and the jury was able to observe her credibility . . . during the course of the trial." The District Court summarized its decision by stating "the record as a whole is sufficient to establish his guilt. The jury was able to observe all of the witnesses and the testimony, and evaluate the credibility. They did that."

¶5 We review a district court's decision on a motion for a new trial to determine whether the district court abused its discretion. *State v. Billedeaux*, 2001 MT 9, ¶ 23, 304 Mont. 89, 18 P.3d 990. We review evidentiary rulings for abuse of discretion. *State v. Hardman*, 2012 MT 70, ¶ 8, 364 Mont. 361, 276 P.3d 839. A district court abuses its discretion when it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason. *State v. Franks*, 2014 MT 273, ¶ 11, 376 Mont. 431, 335 P.3d 725.

¶6 Wolfe argues that the inconsistencies between Marfia's testimony at the two trials, coupled with the alleged coaching by the victim services advocate, "caused concern regarding Marfia's veracity and willingness to adjust her testimony to support a conviction" and thus affected his substantial rights as he was unable to effectively confront Marfia in violation of the Sixth Amendment Confrontation Clause. The State

argues in response that Wolfe was given the opportunity to cross-examine both the victim services advocate and Marfia about the conversation at the hearing on his motion for a new trial, at which point he was unable to establish a new trial was merited. We agree.

¶7    As the District Court noted, even if the victim services advocate had attempted to influence Marfia's testimony, she apparently ignored it and never testified that she had punched Wolfe. Additionally, nothing in the record presented to the jury raises a reasonable possibility that an improper statement had contributed to Wolfe's conviction. It was not an abuse of discretion for the District Court to deny the motion for a new trial.

¶8    In addition, Wolfe argues the District Court improperly prevented him from eliciting testimony to support his assertion that Marfia was the aggressor in their dispute. Specifically, Wolfe attempted to question Marfia about several text messages sent to Wolfe in which she stated she was in love with him and feared he would not continue the relationship if she became pregnant. The District Court sustained the State's objection to the questioning, as it had not been provided copies of the text messages at issue.

¶9    Wolfe offers that the court's ruling infringed on his right to a full and fair cross-examination of Marfia. The State argues in response that the questions posed to Marfia regarding the messages were not relevant to the determination of whether he had committed the crime. Moreover, the State notes that Wolfe was given a great deal of latitude to pursue his questioning regarding the text messages, even after the objection was sustained. We agree. The text messages sent by Marfia to Wolfe in which she expressed her love were not relevant as to the charges but, even so, Wolfe was able to

4

pursue a line of questioning regarding the contents of the messages, even if he was unable to enter the messages themselves into evidence. It was not an abuse of discretion for the District Court to limit Wolfe's questioning regarding the text messages.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's rulings were not an abuse of discretion.

¶11 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

5